**ST. JOSEPH'S HOSPITAL OF KIRKWOOD, Respondent,**

v.

**William D. SCHIERMAN, M.D., Appellant.**

**No. 58444.**

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 17, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 14, 1992.

Case Transferred to Supreme Court Feb. 25, 1992.

Case Retransferred to Court of Appeals June 2, 1992.

Original Opinion Reinstated June 10, 1992.

"artificial watercourse", not a natural drainage area.

Morris E. Stokes, Linda A. Cary, Clayton, for appellant.

Kenneth W. Bean, Kwadwo J. Armano, St. Louis, for respondent.

CRIST, Judge.

Dr. Schierman appeals from a judgment on a jury verdict, in the sum of $47,699.80, for contribution based upon a settlement of an underlying medical malpractice suit, purportedly under § 537.060, RSMo (1983). The jury found Dr. Schierman twenty percent at fault and Hospital eighty percent at fault. We reverse and remand for a new trial.

On December 20, 1981, Margie Moskoff (Patient) was admitted to Respondent Hospital's (Hospital) emergency room with symptoms of heart palpitations, shortness of breath, etc., indicating paroxysmal atrial tachycardia. Dr. Maranan was the emergency room physician on duty. He was unable to reduce her rapid heart rate. He telephoned her private physician, Dr. Schierman. Dr. Schierman suggested Inderal. Inderal did not work. Dr. Maranan again telephoned Dr. Schierman, who suggested Lanoxin. Lanoxin did not help. Dr. Maranan then gave patient an excessive dose of Aramine causing her to have a stroke. Dr. Maranan said Dr. Schierman instructed him to give an excessive amount of Aramine. Dr. Schierman denied having done so.

Patient and her husband brought a malpractice suit against Hospital and Dr. Maranan. They did not sue Dr. Schierman, but Defendants pled Dr. Schierman in as third-party defendant. On January 6, 1986, Patient and her husband settled with Hospital and its insurance carrier for $237,499.54. Hospital then brought this suit for contribution.

The settlement agreement and release, recited in part:

(1) It referred to the underlying malpractice suit.

(2) The parties desired to settle all of Patient's and husband's claims which were or might have been the subject of the petition.

(3) It specifically released Hospital, insurer and Dr. Maranan.

(4) The release was to be a full binding and complete settlement between Patient and her husband, Hospital, insurer and Dr. Maranan.

(5) It was expressly agreed the release did not extend to third-party defendant, Dr. Schierman. And, Hospital explicitly

retained its claim against Dr. Schierman for indemnity and contribution.

Dr. Schierman asserts Hospital was not entitled to recover on contribution for the reason the settlement agreement did not release Dr. Schierman from liability to Patient and her husband as required by the Uniform Comparative Fault Act. In *Gustafson v. Benda*, 661 S.W.2d 11, 15[3] (Mo. banc 1983), the court stated the Uniform Comparative Fault Act (UCFA) should be applied in Missouri "insofar as possible." Section 4(b) of the CFA states:

> Contribution is available to a person who enters into settlement with a claimant only (1) if the liability of the person against whom contribution is sought has been extinguished; and (2) to the extent that the amount paid in settlement was reasonable.

■ The liability of Dr. Schierman had been extinguished. The settlement agreement provided specifically Hospital retained its claims against Dr. Schierman for contribution. At the time of execution of the settlement agreement Patient and her husband had no claims against Dr. Schierman by reason of the two-year statute of limitations on medical malpractice claims. Section 516.105, RSMo 1986; *Greenstreet v. Rupert*, 795 S.W.2d 539, 541[1] (Mo.App. 1990). Point denied.

■ For point II, Dr. Schierman proffers he and Hospital did not share a common legal liability because Patient's claim against Dr. Schierman had expired under the two-year statute of limitations. The two-year statute of limitations period for the bringing of a medical malpractice action does not apply to contribution claims among health care providers. *Rowland v. Skaggs Companies, Inc.*, 666 S.W.2d 770, 773[2] (Mo. banc 1984). Point denied.

For points relied on III, IV and V, Dr. Schierman complains of instructional error. Because we deem it necessary to reverse and remand on point IV, we choose not to review points III and V.

For point IV, Dr. Schierman states the trial court erred in giving Hospital's verdict director because the use of the phrase "failed to adequately communicate" did not provide the jury with any direction or guidance in entering its verdict, rather it gave the jury a roving commission to speculate.

■ The jury was instructed to return a verdict for Hospital if Dr. Schierman

(1) ordered administration of intravenous Aramine in an excessive amount, *or*

(2) ordered administration of intravenous Aramine by push without instructing Dr. Maranan on the speed with which it was to be administered, *or*

(3) failed to adequately communicate with Dr. Maranan regarding the giving of Aramine.

Hospital's generalized theory of negligence gave the jury a "roving commission" to speculate and determine on its own why and in what manner Dr. Schierman "failed to adequately communicate" in that it contains at least two other specific theories: (1) Dr. Schierman should have instructed Dr. Maranan on the use of Aramine and did not, or (2) Dr. Schierman instructed Dr. Maranan on the use of Aramine but did not verify whether the instructions were understood. This general theory of negligence gave the jury no guidance, was confusing and misleading. *Grindstaff v. Tygett*, 655 S.W.2d 70, 74[3–5] (Mo.App.1983).

Additionally, Hospital should not have submitted its case in the disjunctive on both general and specific negligence. By doing so the jury was not confined to factual issues but left to speculate as to what Dr. Schierman did wrong. *Hicks v. Graves Truck Lines, Inc.*, 707 S.W.2d 439, 447[10] (Mo.App.1986).

Reversed and remanded for a new trial on all issues.

PUDLOWSKI, P.J., and STEPHAN, J., concur.