Dexter DUREN, Appellant,

v.

UNION PACIFIC RAILROAD COMPANY and Missouri Pacific Railroad Company, Respondents.

No. 73287.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 22, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 6, 1998.

Application for Transfer Denied
Dec. 22, 1998.

Drew C. Baebler, Michael L. Nepple, St. Louis, for appellant.

Nicholas J. Lamb, James W. Erwin, David S. Corwin, St. Louis, for Respondent.

ROBERT E. CRIST, Senior Judge.

This action arises out of a personal injury suit filed pursuant to the Federal Employer's Liability Act (FELA) as set forth in 45 U.S.C. § 51, *et seq.* Dexter Duren (Plaintiff) brought this suit against his employers, Union Pacific Railroad Company and Missouri Pacific Railroad Company (Railroad) for injuries sustained to his lower back while unloading rock. The jury found Railroad negligent and awarded Plaintiff $60,000. Plaintiff appeals. We affirm.

On May 11, 1992, Plaintiff was working for Railroad unloading rock ballast on a railroad track near Possum Grape, Arkansas. Ballast is crushed granite or hard rock that is spread around the railroad ties to maintain the levelness of the rail. The ballast is carried in special railroad cars which have doors at the bottom through which the rocks are dumped on the track. On that day, Plaintiff was working with eight other persons dumping 40 cars of ballast on an 12–mile stretch of track between Bald Knob and Possum Grape, Arkansas. Typically, several men are assigned to work both sides of the train and open the ballast car doors with a ballast bar that weighs about 15–20 lbs. As the men neared the completion of unloading all the ballast, Plaintiff stuck his ballast bar into a ballast car door to open it. The door was stuck shut and did not open. Plaintiff pulled on the bar again, but the door still would not open. While pulling on the bar, Plaintiff felt a jolt in his back, which shot down to the bottom of his foot. He dropped the ballast bar and let the train go by. Plaintiff then walked back to the stopped train. After the shift, Plaintiff was unable to drive the company truck from the site because he had low back pain.

Later that night, Plaintiff went to the emergency room at Jefferson Memorial hospital in Pine Bluff, Arkansas, due to low back pain. Plaintiff did not return to work the next day. On May 13, 1992, he drove to work to report his injury and fill out an accident form. Plaintiff later sought treatment from Dr. George Schoedinger in St. Louis. Dr. Schoedinger performed a laser assisted percutaneous discectomy in September of 1993. Plaintiff also treated with a urologist for incontinence. In October of

1994, Plaintiff began to see a psychologist for anxiety and depression. Plaintiff never returned to work with Railroad.

On May 11, 1994, Plaintiff commenced this action against Railroad, seeking damages for his physical injuries, pain and suffering, lost wages and psychological and emotional injuries. Railroad filed an answer asserting the affirmative defense of Plaintiff's failure to mitigate damages. Following a seven-day jury trial, the trial court entered judgment on the jury's verdict awarding Plaintiff $60,000. The trial court denied Plaintiff's motion for new trial.

In Point I, Plaintiff contends the trial court erred in instructing the jury on the issue of mitigation of damages with MAI 32.07(A) because the instruction granted a roving commission to the jury and gave no indication of the specific conduct by Plaintiff they were to evaluate.

The trial court accepted Railroad's mitigation of damages instruction and gave that instruction as Instruction No. 11 to the jury. The instruction read:

> If you find in favor of the plaintiff, you must find that plaintiff failed to mitigate damages if you believe:
>> First, plaintiff failed to participate in vocational rehabilitation, or failed to return to work with a 50 pound lifting restriction, and
>> Second, plaintiff thereby failed to use ordinary care, and
>> Third, plaintiff thereby sustained damage which would not have occurred otherwise.

The challenged instruction was based on MAI 32.07(A), which requires that the "act sufficient to constitute failure to mitigate" must be set out in the first paragraph of the instruction.

In general, FELA cases tried in state courts are subject to state procedural rules, but federal substantive law is applied. *Drury v. Missouri Pacific R. Co.,* 905 S.W.2d 138, 146 (Mo.App. E.D.1995). The form of a jury instruction is dictated by Missouri procedural rules. *Holley v. Missouri Pacific R. Co.,* 867 S.W.2d 610, 615 (Mo.App. E.D.1993), *overruled on other grounds, Kauzlarich v.*

*Atchison, Topeka, and Santa Fe Ry. Co.,* 910 S.W.2d 254 (Mo. banc 1995).

An instruction is a roving commission if it "assumes a disputed fact or submits an abstract legal question that allows the jury 'to roam freely through the evidence and choose any facts which suited its fancy or its perception of logic' to impose liability." *Seitz v. Lemay Bank and Trust,* 959 S.W.2d 458, 463 (Mo. banc 1998), *quoting Davis v. Jefferson Sav. & Loan Ass'n,* 820 S.W.2d 549, 556 (Mo.App.1991). If the instruction fails to advise the jury what acts or omissions of the party, if any, found by them from the evidence, would constitute liability, then it may be considered a roving commission. *Lashmet v. McQueary,* 954 S.W.2d 546, 550 (Mo. App. S.D.1997). In such a case, the instruction is considered too general, submitting a question to the jury in a broad, abstract way without being limited to any issues of fact or law developed in the case. *Id.*

However, one of the purposes of the enactment of the Missouri Approved Instructions was to remove the necessity of setting forth detailed evidentiary facts in the instructions. Instead, a proper instruction submits only the ultimate facts, not evidentiary details, " 'to avoid undue emphasis of certain evidence, confusion, and the danger of favoring one party over another.' " *Spain v. Brown,* 811 S.W.2d 417, 420 (Mo.App. E.D. 1991), *quoting Schiles v. Schaefer,* 710 S.W.2d 254, 265 (Mo.App.1986). Rule 70.02(b) requires that where an MAI is modified to fairly submit the issues of a particular case, then such modifications "shall be simple, brief, impartial, free from argument, and shall not submit to the jury or require findings of detailed evidentiary facts."

Clearly, it may be difficult to strike the delicate balance between an improper instruction with detailed evidentiary facts and a proper instruction with only ultimate facts. Recognizing this difficulty, our courts have failed to fashion precise, universally applicable definitions to explicitly differentiate evidentiary facts from ultimate facts. *Spain,* 811 S.W.2d at 420. Where not clearly directed by MAI forms, the propriety of an instruction is determined on a case by case

basis. *Id.* The verdict of the jury will be reversed if the average juror would not correctly understand the applicable rule of law and whether the offending instruction misdirected, misled or confused the jury. *Seitz,* 959 S.W.2d at 463; *Stone v. Duffy Dist., Inc.,* 785 S.W.2d 671, 678 (Mo.App. S.D.1990).

■ Plaintiff submits that the phrase "[f]ailed to participate in vocational rehabilitation" is an improper roving commission because it fails to properly confine the jury to issues that could constitute a failure to mitigate damages. We disagree. Here, the instruction given simply instructed the jury on the ultimate issue in the case, whether Plaintiff failed to participate in vocational rehabilitation. The instruction did not assume a disputed fact or submit an abstract statement of law. Nor did the instruction fail to advise the jury what omission by Plaintiff would constitute a failure to mitigate.

Instead, the instruction submitted the ultimate fact in issue to the jury. Further, the instruction was supported by the evidence. While Plaintiff had offered evidence that he sought vocational rehabilitation from two doctors and the Arkansas Division of Rehabilitation, Railroad offered contrary evidence. Neither of Plaintiff's two doctors ever provided any assistance to Plaintiff in finding employment, although neither concluded he was unemployable. Plaintiff also saw someone at the Division of Rehabilitation but did not apply for any services. Finally, in February of 1995, Karon Martin, a vocational rehabilitation counselor for Rehabilitation Management, Inc., contacted Plaintiff and offered her services. Railroad offered to pay for her services to Plaintiff. Plaintiff refused her services unless he was given a ten-year job guarantee, which was impossible. Under the evidence presented at trial, Defendant was entitled to the mitigation of damages instruction. *See, Kauzlarich,* 910 S.W.2d at 258–59.

Plaintiff relies on two other cases decided by this court to support his contention that Instruction No. 11 granted the jury a roving commission: *St. Joseph's Hosp. of Kirkwood v. Schierman,* 829 S.W.2d 4 (Mo.App. E.D. 1991), and *Tauchert v. Ritz,* 909 S.W.2d 687 (Mo.App. E.D.1995). These cases are distinguishable from the instant case.

In *Schierman,* the questioned instruction asked the jury to determine whether or not the defendant had "failed to adequately communicate with [another doctor] regarding the giving of Aramine." *Schierman,* 829 S.W.2d at 6. This court found the instruction to be erroneous, because it required the jury to determine whether certain telephone communication was "adequate." This instruction required the jury to determine whether non-specific medical information communicated by one medical expert to a second medical expert was adequate for the second expert to provide medical treatment. *See, Lashmet,* 954 S.W.2d at 552; *Kampe v. Colom,* 906 S.W.2d 796, 805 (Mo.App. W.D.1995).

In *Tauchert,* the court concluded that a comparative fault instruction that instructed plaintiff "assisted in the manner in which the hoisting mechanism [on which he was hurt] was rigged" failed to submit a specific negligent act of the plaintiff. *Tauchert,* 909 S.W.2d at 689. Therefore, the instruction left the jury to speculate regarding plaintiff's negligence. *Id.*

Neither of the situations presented in *Schierman* and *Tauchert* exists in the case at hand. The questioned instruction did not require the jury to speculate or use medical expertise that it did not possess nor did it fail to submit the specific negligent act of Plaintiff.

Plaintiff spends a considerable amount of time in his argument implying the mitigation of damages instruction was contrary to a pretrial discovery order issued by Judge James Dowd. The protective order directed Railroad not to require Plaintiff to appear for a functional capacity examination and not to discipline him for failing to do so. Another order by Judge Dierker sanctioned Railroad for violating the protective order. However, neither of these orders purported to rule on the form of any mitigation instruction or prohibit or limit Railroad in any way from offering evidence at trial to support its mitigation defense. We further note that the same protective orders as entered by Judge Dowd have been stricken by the Missouri Supreme Court in other cases. *See, State ex rel. Union Pacific R. Co. v. Dierker,* 961 S.W.2d 816 (Mo. banc 1998).

In this same point, Plaintiff also contends the instruction is prejudicially erroneous for submitting "failed to return to work with a 50 pound lifting restriction" because Plaintiff had no duty to return to work against his treating doctor's physical restrictions which precluded him from working his old job. Plaintiff failed to raise this specific issue with the trial court. Appellate review is limited to errors properly preserved at the trial court level. Rule 78.07; *Hawkes v. Norfolk & Western R. Co.*, 876 S.W.2d 705, 708 (Mo. App. E.D.1994). Point I is denied.

In his remaining three points, Plaintiff attacks several decisions by the trial court to admit or exclude various pieces of evidence. Plaintiff complains the trial court erred in: (1) admitting evidence of Plaintiff's failure to interview for a security guard position with Railroad in Dallas, Texas; (2) excluding evidence that Plaintiff distrusted the Railroad because it conducted videotape surveillance on him while offering him a job; (3) admitting evidence that Plaintiff had an illegitimate child in 1994; (4) admitting evidence that Plaintiff's wife had an extramarital affair after Plaintiff's injury; and (5) forcing Plaintiff to divulge that he consulted with his attorney before writing letters to a vocational counselor Karon Martin.

We have reviewed the briefs of the parties and the record on appeal and find no abuse of discretion in the trial court's rulings. *House v. Missouri Pacific R. Co.*, 927 S.W.2d 538, 540 (Mo.App. E.D.1996). All of the matters complained of were within the trial court's discretion and were not clearly against the logic of the circumstances or so unreasonable or arbitrary as to shock the sense of justice or indicate a lack of deliberate consideration in the context in which the evidence was offered. *Id.* An explanation of these matters would have no precedential value and we decline further elucidation. Rule 84.16(b). Points II, III, and IV are denied.

Judgment affirmed.

KAROHL, P.J., and AHRENS, J., concur.