Brian L. GREENSTREET, Appellant,

v.

Janet M. RUPERT, Respondent.

No. WD 42735.

Missouri Court of Appeals,
Western District.

July 24, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 28, 1990.

Application to Transfer Denied
Oct. 16, 1990.

Michael E. McCausland, Kansas City, for
appellant.

Robert O. Jester, Kansas City, for respondent.

Before TURNAGE, P.J., and
LOWENSTEIN and GAITAN, JJ.

GAITAN, Judge.

Appellant's petition for damages, filed
July 17, 1989, is a claim for "contribution"
arising out of the settlement of Pauline R.
Webber v. Brian L. Greenstreet and Janet
M. Grinstead, CV86–25719, a lawsuit filed
in the Circuit Court of Jackson County,
Missouri. [Janet M. Grinstead is hereinafter referred to as Janet M. Rupert inasmuch as she subsequently married and
changed her name.] Appellant Greenstreet
was a defendant in a lawsuit filed October
21, 1986, regarding a vehicular accident
which occurred on or about February 9,
1983. After the settlement, appellant filed
his action seeking contribution from respondent Rupert. That petition was dismissed. We reverse and remand.

In Webber v. Greenstreet and Rupert,
plaintiff Webber alleged she sustained injuries and damages as a result of the negligence of both Greenstreet and Rupert.
Webber's petition specifically alleged negligent acts by both defendants.

Respondent Rupert was never served
with process, or otherwise filed an answer
or made an appearance in the case of Webber v. Greenstreet and Rupert. Plaintiff
Webber and appellant Greenstreet settled
the underlying case in the amount of $12,-
000; the release was signed by Webber on
January 12, 1989. The general release
signed by Webber was entitled "General
Release," and was made "for the purpose
of making a full and final compromise,
adjustment and settlement of any and all
claims, disputed or otherwise, on account
of any alleged injuries and damages sus-

tained as a result of the above mentioned incident...." In addition, plaintiff dismissed, with prejudice, her lawsuit against appellant Greenstreet and dismissed, without prejudice, her petition against respondent Rupert. The circuit court entered an order of dismissal on December 12, 1988, dismissing appellant Greenstreet with prejudice and dismissing respondent Rupert without prejudice.

After the settlement of Webber's lawsuit, Rupert was located and Greenstreet brought suit against her for contribution, which is the subject of this appeal.

After Greenstreet filed the suit for contribution, Rupert filed a motion to dismiss, pursuant to Rule 55.27(a)(1), (2), and (6), stating that appellant's petition failed to state a claim upon which relief could be granted. Respondent Rupert also alleged that Greenstreet failed to plead facts which would allow for a contribution claim.

Appellant filed suggestions in opposition to respondent's motion to dismiss and also requested leave of court to amend the petition. On September 13, 1989, leave to amend was granted, and appellant filed a first amended petition for damages. The first amended petition admitted in paragraph ten that appellant Greenstreet was liable in part as a joint or concurrent tortfeasor to Webber. The trial court issued an order on October 25, 1989, sustaining defendant's motion to dismiss. This appeal followed.

## I.

■ In *Safeway Stores, Inc. v. City of Raytown*, 633 S.W.2d 727, 730 (Mo. banc 1982), the Missouri Supreme Court held that a defendant, who chose not to file a third-party complaint, has a right to file a subsequent action for "contribution" against a party who could have been a defendant in the original suit or could have been a third-party defendant in the original suit. In quoting *Missouri Pacific Railroad Co. v. Whitehead & Kales Co.*, 566 S.W.2d 466 (Mo. banc 1978), the Supreme Court in *Safeway Stores, Inc.* stated:

> The right to contribution is based on the "principle of fairness" and was historical-

ly a remedy afforded in equity, although subsequently enforced at law under a variety of theories such as assumpsit and quasi contract to rectify unjust enrichment.

*Id.*

In the underlying action of Webber v. Greenstreet and Rupert, plaintiff Webber did file suit against both Greenstreet and Rupert. However, respondent Rupert was never served with process or otherwise filed an answer or entry of appearance. In any event, on the eve of trial, Webber's suit was settled, for full value, in the amount of $12,000.

Webber signed a *General Release*, releasing not only Greenstreet, but "all other persons, firms or corporations liable or who might be claimed to be liable ..." Clearly, if Webber had any intent on pursuing an action against Rupert, plaintiff would have insisted on a "partial release" specifically retaining the option to pursue an action against Rupert. Also, the second paragraph of the general release stated that consideration was accepted "for the purpose of making a *full and final compromise*, adjustment and settlement of *any and all claims*, disputed or otherwise, on account of *any alleged injuries and damages sustained* as a result of the above mentioned incident, and for the express purpose of *precluding forever any further or additional claims* arising out of the aforesaid incident." [Emphasis added].

The law is clear in Missouri that a party may recover full satisfaction for injuries or damages only once. *See Hanson v. Norton*, 340 Mo. 1012, 103 S.W.2d 1, 6 (1937); *Rogers v. Piper*, 543 S.W.2d 261, 263 (Mo. App.1976). There is nothing in the record nor in the release executed by Webber to show that Webber did not consider the settlement to be a full and complete satisfaction for all injuries or that she intended to hold anyone else responsible for any injuries. *See Rogers v. Piper*, 543 S.W.2d at 264. In Missouri the burden of proving the invalidity of a settlement is on the party asserting the invalidity. *See Landmark Bank v. First National Bank in Madison*, 738 S.W.2d 922, 923 (Mo.App.

1987); *Sheppard v. Traveler's Protective Association of America*, 233 Mo.App. 602, 124 S.W.2d 528, 530 (1939). Thus, Rupert must prove an intention on the part of Webber to settle for less than full value. This she has not done.

Missouri law is very clear that the intent of the settlement statute, Mo.Rev.Stat. § 537.060 (1986) is to "preclude the unintended release of a nonsettling defendant." *Elsie v. Firemaster Apparatus*, 759 S.W.2d 305, 307 (Mo.App.1988). Such is not the case here. In the general release signed by Pauline Webber, she was paid the full value of her claim, and never attempted to file suit against Rupert subsequent to settlement. This accident occurred February 9, 1983, and the dismissal order was entered December 12, 1988. Webber could not have refiled suit directly against respondent Rupert because such a suit could not have been filed anytime after December 12, 1989, per the Missouri one-year "nonsuit" law. Mo.Rev.Stat. § 516.230 (1986).

The Supreme Court in *Gustafson v. Benda*, 661 S.W.2d 11, 15 (Mo. banc 1983), stated that the Uniform Comparative Fault Act ("UCFA") should be applied in Missouri "insofar as possible." Section 4(b) of the UCFA states:

Contribution is available to a person who enters into a settlement with a claimant only (1) if the liability of the person against whom contribution is sought has been extinguished and (2) to the extent that the amount paid in settlement was reasonable.

In the instant matter, Webber clearly has no valid cause of action against Rupert either because she was released or because the statute of limitations has expired. Hence, Webber no longer has a remedy to pursue against Rupert. As to the second requirement, the amount of the settlement was reasonable.

Respondent's assertion that she may face suit on contribution as well as Webber's suit for damages is without merit. As previously stated, the automobile accident in issue occurred February 9, 1983. Suit was filed by Webber against Rupert and Greenstreet on October 21, 1986, within the five-year statute of limitations. Mo.Rev. Stat. §§ 516.100, 516.120 (1986). The underlying suit was resolved subsequent to the expiration of the five-year statute of limitations, inasmuch as the court's order of dismissal was entered December 12, 1988.

## II.

Rupert further argues that the contribution suit, which has its origin in Mo. Rev.Stat. § 537.065 (1986), is barred by the five-year statute of limitations. Mo.Rev. Stat. § 516.120. The only case cited by respondent is *Safeway Stores, Inc. v. City of Raytown.* However, the applicable statute of limitations does not begin to run until the time of settlement because that is when the right to contribution was clearly stated.

In the case of *Federated Mutual Insurance Co. v. Gray*, 475 F.Supp. 679 (E.D.Mo. 1979) [cited in *Safeway Stores, Inc.*], the court held, under an identical factual situation, that the appropriate statute of limitations begins to run at the time of the settlement and not the time of the original accident. In *Federated Mutual*, plaintiff, a twelve year old boy, was injured in June, 1972, on the farm of defendant Gray, plaintiff's grandmother. Plaintiff and his parents did not file suit against Gray, but did file suit against another alleged tortfeasor, Tri–County Electric Co-op Association. Plaintiff and his parents settled their case against Tri–County for $110,000 in October, 1977. The boy and his parents executed releases, specifically releasing Tri–County "and all other persons, firms or corporations liable, or who might be claimed to be liable." [Identical language used in the release signed by Webber]. *Id.* at 680. On November 3, 1978, plaintiff Federated Mutual Insurance Company, the insurer of Tri–County, who received an assignment of all claims, filed suit against Gray for contribution. Defendant Gray argued that a suit for contribution was barred by the five year statute of limitations. The court clearly held otherwise and stated:

Finally, defendant's claim that this suit is barred by the statute of limitations is also without merit. The statute began to run at the time of the settlement, not at the time of the original accident. *Simon v. Kansas City Rug Co.*, 460 S.W.2d 596 (Mo.1970). This suit was instituted just over a year after the settlement, well within the applicable limitations period, § 516.120, R.S.Mo. (1969). Therefore, defendant's motion to dismiss will be denied.

*Id.* at 681.

*Simon v. Kansas City Rug Co.* involved an indemnity claim. The Missouri Supreme Court held:

[A]lthough the action arises from and grows out of a tort, the action is not strictly speaking a tort action governed by the statue of limitations referable to torts, but is an action to recover indemnity. Where the indemnitee's liability for a tort is constructive or secondary, the statute of limitations against his right to recover indemnity from the primary wrongdoer commences to run against him from the time he has paid, or has been compelled to pay a judgment recovered by the injured person, and not from the time of the commission of the tort.

*Simon v. Kansas City Rug. Co.*, 460 S.W.2d at 600.

In *Safeway Stores, Inc. v. City of Raytown*, the statute of limitations was not an issue inasmuch as Safeway Stores, Inc., filed suit against the city of Raytown for contribution within three years and one month of the date of the accident which gave rise to the original cause of action. The Supreme Court did not state that any action for contribution must be filed within five years of the date of the accident which gave rise to the original cause of action. In fact, the Supreme Court stated:

Safeway's suit for contribution was filed within three years and one month of the date of the accident which gave rise to the original cause of action. This is well within the applicable five-year statute of limitations. Should this time limitation prove too long, the legislature can decide what time length is appropriate. As stated, in *State Farm Mutual Automobile Insurance Co. v. Schara*, 56 Wis.2d 262, 201 N.W.2d 758, 57 A.L.R.3d 922 (1972):

The legislature may well find that the public interest in avoiding stale claims and in protecting parties from suits brought too late to effectively investigate the facts may dictate a shorter period for the commencement of a contribution suit when the underlying cause of action sounds in tort. We invite the legislature's attention to the proposed 'Uniform Contribution Among Tortfeasors Act,' 9 Uniform Laws Annot. (1967 Supplement) [§ 3(c)], which suggests in general that actions for contribution based on tort be brought within one year of the accrual of the cause of action.

*Id.* at 732, 733 (citations omitted).

Hence, the Missouri Supreme Court, in *Safeway Stores, Inc.*, stated that some length of time needs to be established for filing suits for contribution, and acknowledged that there is no set time limit in Missouri law and procedure. However, the Court invited the legislature to address this issue, and also suggested that perhaps suits for contribution be brought within one year of the accrual of the cause of action for contribution. Here, Greenstreet brought his action for contribution within eight months subsequent to the court's dismissal of the underlying suit and within seven months of obtaining the release from Webber. This is well within this suggested guideline. Consequently, appellant is entitled to his day in court on the issue of contribution.

For the aforesaid reasons, the judgment of the trial court is reversed. The case is remanded to the trial court with directions that it reinstate the contribution petition and proceed to trial on the merits.

All concur.