CLARK'S RESOURCES, INC., Appellant,

v.

Sean A. IRELAND, Respondent.

No. ED 83936.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 15, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 10, 2004.

Application for Transfer Denied
Sept. 28, 2004.

Andrew D. Ryan, St. Louis, MO, for Appellant.

Paul T. Krispin, Jr., St. Louis, MO, for Respondent.

## OPINION

GLENN A. NORTON, Presiding Judge.

Clark's Resources, Inc. appeals the summary judgment denying its petition for contribution from Sean Ireland. We reverse and remand.

## I. BACKGROUND

Daniel Buckley died from injuries he sustained during an altercation at a bar owned by Clark's. His parents sued Clark's, alleging that it had negligently failed to prevent patrons of the bar from assaulting their son. Clark's entered a settlement agreement with the Buckleys and, thereafter, filed the instant petition seeking contribution from Ireland and the other patrons allegedly involved in the bar fight. Ireland moved for summary judgment on the ground that Clark's was barred from seeking contribution against him because his liability to the Buckleys had not been discharged in the settlement. The trial court agreed and entered judgment for Ireland.

## II. DISCUSSION

The propriety of summary judgment is a question of law, and our review is *de novo*. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993).

The Uniform Comparative Fault Act provides that "[c]ontribution is available to a person who enters into a settlement with a claimant only (1) if the liability of the person against whom contribution is sought has been extinguished and (2) to the extent that the amount paid in settlement was reasonable." Section 4(b). We need not resolve the parties' disagreement over whether Clark's settlement extinguished Ireland's liability because, even if it did not, his liability could also be discharged by expiration of the statute of limitations on the Buckleys' claims against him. *See St. Joseph's Hospital of Kirkwood v. Schierman*, 829 S.W.2d 4, 6 (Mo. App. E.D.1991); *Greenstreet v. Rupert*, 795 S.W.2d 539, 540–41 (Mo.App. W.D. 1990). In *Schierman*, the settlement did not release the tortfeasor from whom contribution was sought, but this Court held that the settling tortfeasor nevertheless could seek contribution from him because his liability had been extinguished by expiration of the statute of limitations. 829 S.W.2d at 5–6. Likewise, in *Greenstreet*, the court held that the settling tortfeasor was entitled to seek contribution from another tortfeasor where the claimant had no valid cause of action against that tortfeasor "either because she was released or because the statute of limitations had expired." 795 S.W.2d at 540–41.

Ireland argues that these cases should not be followed because they are not in accord with other case law purportedly

standing for the proposition that a non-settling tortfeasor's liability may be discharged *only* by the settling tortfeasor in the settlement and not by any other means, citing to *Cardinal Glennon Hospital v. American Cyanamid Co.*, 997 S.W.2d 42 (Mo.App. E.D.1999) and *Fetick v. American Cyanamid Co.*, 38 S.W.3d 415 (Mo. banc 2001). We disagree.

In *Cardinal Glennon*, this Court recited the settlor-barred rule this way: "one seeking contribution must discharge the liability of the person from whom contribution is sought." 997 S.W.2d at 44. Because the settling tortfeasor had not discharged the other tortfeasors' liability when it settled with the claimant, we held that he could not seek contribution from them. *Id.* at 45. The settling tortfeasor urged the court to "engraft exceptions" onto the settlor-barred rule, in part on the ground that, in that case, satisfaction of the underlying judgment immunized the non-settling parties from liability. *Id.* We declined because the proposed exceptions were not supported by any authority and "would ultimately emasculate the rule." *Id.* In *Fetick*, the Supreme Court repeated the rule as stated in *Cardinal Glennon* and rejected a suggestion that the rule should not apply once a judgment is fully satisfied, citing to *Cardinal Glennon* as the controlling case on the issue. 38 S.W.3d at 417, 418.

We do not find clear support in either *Cardinal Glennon* or *Fetick* for Ireland's argument that a settling tortfeasor can seek contribution *only* from another tortfeasor whose liability he has discharged in the settlement agreement. First, we are to follow the UCFA where possible, and our courts have cited to and relied on it consistently, including in *Cardinal Glen-*

*non.* 997 S.W.2d at 44; *Gustafson v. Benda*, 661 S.W.2d 11, 15 (Mo. banc 1983). It contains no such limitation on the manner in which the non-settlor's liability is extinguished: contribution is available "if the liability of the person against whom contribution is sought has been extinguished...." Section 4(b). If this Court in *Cardinal Glennon* or the Supreme Court in *Fetick* meant to impose such a limitation, we believe that would have been done more explicitly—not by simply rejecting, with little or no analysis, the notion that satisfaction of an underlying judgment immunizes a tortfeasor from liability. If that proposition was declined because such liability can be discharged *only* by the person seeking contribution in the settlement agreement, then the opinions would have said so.

Moreover, even if such a limitation is implied in *Cardinal Glennon* or *Fetick*, neither case purports to ban all possible exceptions to a rule requiring liability to be discharged by the settling tortfeasor in his settlement. In *Cardinal Glennon*, we expressly stated that we declined to adopt "the suggested exceptions" and found the "proposed exceptions" would swallow the rule. 997 S.W.2d at 45. Expiration of the statute of limitations was not even raised in those cases. Therefore, nothing in either case undermines the holdings of *Schierman* and *Greenstreet*, which support our conclusion here: when the statute of limitations has expired on the claims against a non-settling tortfeasor, his liability has been extinguished for purposes of a settling tortfeasor's right to seek contribution from him.

Ireland made no attempt to demonstrate that the statute of limitations has not run on the Buckleys' claims against him.[1]

---

1. The limitations period for a wrongful death action is three years. Section 537.100 RSMo

2000. It appears that contribution was sought from Ireland over five years after the

Thus, Ireland did not show that Clark's contribution claim was barred and failed to establish an undisputed right to judgment as a matter of law. *See ITT*, 854 S.W.2d at 380. Summary judgment was inappropriate.

## III. CONCLUSION

The judgment is reversed, and the case is remanded for proceedings consistent with this opinion.

KATHIANNE KNAUP CRANE, J. and MARY K. HOFF, J., concurring.

incident—well after any claims the Buckleys had against him expired. Ireland correctly contends that factors other than the passage of time may affect the running of a statute of limitations, but does not show—by reference to undisputed facts in the record—that such factors are present here.