765 N.W.2d 496 (2009)
277 Neb. 846
ESTATE OF Dennis POWELL, by and through Douglas POWELL and Tracy Powell, Special Administrators, et al., appellees,
v.
Scott A. MONTANGE et al., defendants and third-party plaintiffs, appellants, and
Sharon Klein, third-party defendant, appellee.
No. S-08-281.
Supreme Court of Nebraska.
May 22, 2009.
*498 Elizabeth M. Callaghan and Thomas A. Grennan, of Gross & Welch, P.C., L.L.O., Omaha, for appellants.
Brian D. Nolan, of Nolan, Olson, Hansen, Lautenbaugh & Buckley, L.L.P., Omaha, for appellee Sharon Klein.
HEAVICAN, C.J., and WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
WRIGHT, J.

NATURE OF CASE
Dennis Powell (Powell), a passenger in a vehicle driven by Scott A. Montange, died as a result of injuries sustained in a motor vehicle accident. Powell's estate sued Montange and the vehicle's owners, Jerry Sand and Liz Sand (collectively defendants). The defendants filed a third-party complaint for contribution against Sharon Klein, the driver of a second vehicle that they alleged was a cause of the accident. The defendants settled with Powell's estate and obtained a limited release which stated that Klein was not a party to the settlement.
Klein moved for summary judgment, claiming that the defendants could not seek contribution from her. The district court granted Klein's motion, and the defendants appeal.

SCOPE OF REVIEW
[1,2] Summary judgment is proper if the pleadings and admissible evidence offered at the hearing show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. Jardine v. McVey, 276 Neb. 1023, 759 N.W.2d 690 (2009). In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, and the court gives that party the benefit of all reasonable inferences deducible from the evidence. Id.

FACTS
On August 13, 2003, Powell was a passenger in a truck driven by Montange. *499 The truck was southbound on 12th Avenue, a county road in Cass County, Nebraska. As the truck approached the crest of a hill, Montange allegedly met a northbound vehicle driven by Klein. Montange took evasive action to avoid a collision but lost control. The truck went into a ditch and landed on its roof. Powell was ejected from the truck and sustained injuries that resulted in his death on September 8. Powell's estate, through its special administrators, Douglas Powell and Tracy Powell (collectively the Estate), sued the defendants.
The Estate alleged that Montange was negligent in failing to keep the vehicle he was driving under control, traveling at an excessive rate of speed, failing to keep a proper lookout, and failing to drive on the right side of the road and that Montange's negligence was imputed to the Sands. The Estate filed no action against Klein.
The defendants filed a third-party complaint against Klein. They alleged that the accident was caused by Klein's negligence in crossing the centerline on the road, failing to stop or swerve to avoid the near impact with the vehicle driven by Montange, and failing to slow down and pull over once she realized that the Montange vehicle was approaching from the opposite direction. The defendants asserted that they were entitled to contribution from Klein.
As a result of their settlement with the Estate, the defendants sought contribution from Klein for all sums which exceeded any proportionate share of their negligence and asked that the trier of fact apportion Klein's negligence. Klein answered, alleging that the defendants had entered into a limited release with the Estate which covered only the parties identified in the release and that the release could not serve as a basis for contribution against Klein.
The release, which was signed by the Estate in Douglas Powell's and Tracy Powell's capacities as individuals and as special administrators, stated:
Nothing in this Release is to be construed as a release of ... Klein, either by [the Estate] or [Montange, the Sands, and the Sands' insurer]. [The Estate] specifically understands and acknowledges that ... Montange [and the Sands] have an outstanding claim against ... Klein and nothing in this Release is to be construed as a discharge or waiver of the claims of ... Montange [and the Sands] against ... Klein. Furthermore, [the Sands] and [their] counsel agree to cooperate with [Montange, the Sands, and the Sands' insurer] as to the third-party action which will remain on file in the Cass County District Court.
The settlement payment was $400,000, with a reimbursement claim to the State of Nebraska in the amount of $70,405.86.
The district court sustained Klein's motion for summary judgment and dismissed the defendants' action for contribution. The court identified the following material facts which were undisputed: Powell was a passenger in a vehicle driven by Montange on August 13, 2003, and died as a result of the accident; the Estate and the defendants entered into a limited release; and Klein was not a released party in the limited release.
The district court determined that the defendants were barred from seeking contribution from Klein because she was not a party to the settlement between the Estate and the defendants and had not been released from liability to the Estate. The court concluded that Klein received no benefit from the settlement and remained exposed to a lawsuit. It found that there were no material issues of fact with regard *500 to the defendants' claim against Klein on the basis of contribution and that Klein was entitled to judgment as a matter of law.

ASSIGNMENTS OF ERROR
The defendants assign as error the district court's grant of summary judgment and its finding that the defendants could not seek contribution from Klein.

ANALYSIS
[3,4] The issue is whether the defendants can maintain an action for contribution against Klein. "Contribution is defined as a sharing of the cost of an injury as opposed to a complete shifting of the cost from one to another, which is indemnification." Cerny v. Todco Barricade Co., 273 Neb. 800, 807, 733 N.W.2d 877, 885 (2007).
The prerequisites to a claim for contribution are that the party seeking contribution and the party from whom it is sought share a common liability and that the party seeking contribution has discharged more than his fair share of the common liability. 18 C.J.S. Contribution § 5 (1990).... In other words, a common liability to the same person must exist in order for there to be contribution.
Smith v. Kellerman, 4 Neb.App. 178, 185-86, 541 N.W.2d 59, 65 (1995). "[G]enerally, a common liability must exist in order for there to be contribution. That is to say, each party must be liable to the same person." Teegerstrom v. H.J. Jeffries Truck Line, 216 Neb. 917, 921, 346 N.W.2d 411, 414 (1984).
Other than the above pronouncements, this court has said very little regarding contribution among joint tort-feasors. We have held that there is no absolute bar to contribution among joint tort-feasors. See Royal Ind. Co. v. Aetna Cas. & Sur. Co., 193 Neb. 752, 229 N.W.2d 183 (1975) (Royal Indemnity). "[A] right to equitable contribution exists among judgment debtors jointly liable in tort for damages negligently caused, which right becomes enforceable on behalf of any party when he discharges more than his proportionate share of the judgment." Id. at 764, 229 N.W.2d at 190.
In Reese v. AMF-Whitely, 420 F.Supp. 985 (D.Neb.1976), the federal court discussed the law of contribution in Nebraska. The court stated:
The statement [from Royal Indemnity] that "there is no absolute bar to contribution among negligent joint tort-feasors" would seem to encompass both those against whom a plaintiff has successfully obtained a judgment and those whose liability remains to be fixed either in a cross claim or third-party claim in the original plaintiff's suit or in an independent action for contribution by the original defendant.
Reese, 420 F.Supp. at 987.
In Rawson v. City of Omaha, 212 Neb. 159, 163, 322 N.W.2d 381, 384 (1982), we stated, "[G]enerally, in order for a party to recover contribution after a settlement of a claim by one of the parties, there must be a common liability proved to exist between both the party settling the claim and the party from whom contribution is being sought."
In Northland Ins. Co. v. State, 242 Neb. 10, 492 N.W.2d 866 (1992), we affirmed the Reese court's interpretation of Nebraska law that the right of contribution would encompass both those against whom a plaintiff has successfully obtained a judgment and those whose liability remains to be fixed.
Although this court has recognized a right of contribution among joint tort-feasors who share a common liability, we have *501 not specifically addressed whether a tort-feasor who enters into a settlement with the claimant can recover contribution from another tort-feasor whose liability for the injury or wrongful death is not extinguished by the settlement.
Nebraska has no legislation governing contribution among joint tort-feasors. A number of states have adopted a form of legislation regulating contribution. Some states have adopted the Uniform Contribution Among Tortfeasors Act (UCATA) or a variation of it. The UCATA provides, in part, that "where two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them." UCATA § 1(a), 12 U.L.A. 201 (2008). See, e.g., Ariz.Rev.Stat. Ann. §§ 12-2501 to 12-2509 (2003); Ark.Code Ann. § 16-61-202 (2005); Colo.Rev.Stat. Ann. §§ 13-50.5-101 to 13-50.5-106 (West 2005); Del.Code Ann. tit. 10, § 6302 (1999); Fla. Stat. Ann. § 768.31 (West 2005); Haw.Rev.Stat. §§ 663-11 to 663-17 (1993 & Cum.Supp.2008); Mass. Gen. Laws Ann. ch. 231B, §§ 1 to 4 (West 2000); Mich. Comp. Laws Ann. § 600.2925a (West 2000); Nev.Rev.Stat. § 17.225 (2007); N.H.Rev.Stat. Ann. § 507:7-f (1997); N.M. Stat. Ann. § 41-3-2 (LexisNexis 1996); N.C. Gen.Stat. § 1B-1 (2007); N.D. Cent.Code § 32-38-01 (1996); Ohio Rev.Code Ann. § 2307.25 (LexisNexis 2002); Okla. Stat. Ann. tit. 12, § 832 (West 2000); Or.Rev.Stat. § 31.800 (2007); 42 Pa. Stat. Ann. §§ 8321 to 8327 (West 2007); R.I. Gen. Laws § 10-6-5 (1997); S.C.Code Ann. § 15-38-20 (1977); S.D. Codified Laws § 15-8-12 (2004); Tenn.Code Ann. § 29-11-101 et seq. (2000); Va.Code Ann. § 8.01-35.1 (2007). This legislation corresponds with our recognition of a right of contribution as set forth above.
However, the UCATA also places limits on the right of contribution. Only a tort-feasor who has paid more than his or her pro rata share of the common liability may seek contribution, and recovery is limited to the amount paid in excess of his or her pro rata share. No tort-feasor is compelled to make contribution beyond his or her own pro rata share of the entire liability. UCATA § 1(b), 12 U.L.A. 201. This also corresponds with our requirement set forth in Royal Indemnity.
[5] The right of contribution is not available in all instances or circumstances. The UCATA places restrictions on contribution if a settlement has been entered into.
A tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tort-feasor whose liability for the injury or wrongful death is not extinguished by the settlement nor in respect to any amount paid in a settlement which is in excess of what was reasonable.
UCATA § 1(d), 12 U.L.A. at 202.
In Schuman v. Vitale, 144 Pa.Cmwlth. 560, 564, 602 A.2d 390, 392 (1992), the court determined that the state's UCATA meant that
where there are two or more joint tort-feasors and one of them settles with the injured person, such settling joint tort-feasor may not recover contribution from the other non-settling joint tort-feasors unless the settlement by the settling joint tort-feasor extinguishes the liability of the non-settling joint tort-feasor to the injured person.
See, also, King v. Humphrey, 88 N.C.App. 143, 362 S.E.2d 614 (1987).
Other states have adopted the Uniform Comparative Fault Act (UCFA), which also places limits on the right of contribution. *502 It allows, in part, a right of contribution among joint tort-feasors who are jointly and severally liable whether or not judgment has been entered against any or all of them. UCFA § 4(a), 12 U.L.A. 142 (2008). Under the UCFA, contribution is "available to a person who enters into a settlement with a claimant only (1) if the liability of the person against whom contribution is sought has been extinguished and (2) to the extent that the amount paid in settlement was reasonable." UCFA § 4(b), 12 U.L.A. at 142. See, e.g., Iowa Code Ann. § 668.5 (West 1998); Wash. Rev.Code Ann. § 4.22.040 (West 2005).
Iowa has adopted comparative fault legislation that includes a substantial adaptation of the UCFA. See Aid Ins. Co. v. Davis County, 426 N.W.2d 631 (Iowa 1988). The relevant Iowa statute permits contribution when there is a settlement if the liability of the second tort-feasor has been extinguished and only to the extent that the amount paid in settlement was reasonable. Id. If judgment has not been rendered, the statute allows contribution only if the person bringing the action for contribution has "`discharged the liability of the person from whom contribution is sought by payment made within the period of the statute of limitations applicable to the claimant's right of action....'" Id. at 632, quoting Iowa Code Ann. § 668.6(3)(a) (West 1998).
[6,7] Because Nebraska has no legislative parameters governing contribution, we proceed in the general direction of decisions by this court which have stated (1) that there is no absolute bar to contribution, (2) that contribution is available both when a plaintiff has obtained a judgment against the tort-feasors and when the plaintiff has not obtained a judgment and the liability of joint tort-feasors has yet to be determined, (3) that there must be a common liability between the party seeking contribution and the party from whom contribution is sought, and (4) that the party seeking contribution must have discharged more than his or her share of the common liability.
The question is whether this court should impose additional limitations on the right of contribution that are expressed in the UCATA or similar legislation adopted by other states. One limitation provides that the settling joint tort-feasor may not recover contribution from the other nonsettling joint tort-feasors unless the settlement extinguishes the liability of the nonsettling joint tort-feasors to the injured party. See Schuman v. Vitale, 144 Pa. Cmwlth. 560, 602 A.2d 390 (1992).
We find the case of Ogle v. Craig Taylor Equipment Co., 761 P.2d 722 (Alaska 1988), helpful to our resolution of this question. The Supreme Court of Alaska set forth six elements of a claim for contribution: (1) The claimant must be a tort-feasor; (2) the contribution defendant must be a tort-feasor; (3) the tort-feasors must be jointly and severally liable in tort for the same injury; (4) the claimant must have paid more than its pro rata share of the common liability; (5) the claimant must have extinguished the contribution defendant's liability for the injury or wrongful death; and (6) if the liability was extinguished by settlement, the amount must be reasonable. These elements parallel the direction Nebraska has taken regarding contribution and contain the limitations described in the UCATA and the UCFA.
Other courts have also held that the liability against the third-party defendant must have been extinguished in order to permit contribution from the joint tort-feasor. A settling tort-feasor can pursue contribution against a nonsettling tort-feasor only if the settlement extinguished the liability of the nonsettling tort-feasor. *503 Nuessmeier Elec., Inc. v. Weiss Mfg. Co., 632 N.W.2d 248 (Minn.App.2001). "[T]he settling tortfeasor must have removed the threat that the injured party might later proceed directly against the non-settling tortfeasor." Id. at 253.
The Florida Supreme Court, in discussing provisions of the UCATA that have been adopted in Florida, stated:
A tortfeasor who settles without extinguishing the entire liability, and whose payment later turns out to be less than his fair share, is not subject to actions for contribution to others.... A tortfeasor who settles without extinguishing the liability of another tortfeasor, and whose payment later turns out to be more than his fair share, has no right of contribution against the other.... In buying his peace, such a settling tortfeasor merely misjudged the value of the claim.
Woods v. Withrow, 413 So.2d 1179, 1183 (Fla.1982). Thus, other courts have recognized the requirement that the settling tort-feasor must have extinguished the liability of the nonsettling tort-feasor as a basis to seeking contribution from the nonsettling tort-feasor.
The defendants urge this court to adopt the reasoning of Clark's Resources, Inc. v. Ireland, 142 S.W.3d 769 (Mo.App.2004), which we decline to do. In that case, Daniel Buckley died from injuries he sustained during an altercation at a bar owned by Clark's Resources, Inc. (Clark's). Sean Ireland was allegedly involved in the altercation. Buckley's parents and Clark's entered into a settlement agreement that did not include Ireland. Clark's then filed an action against Ireland seeking contribution. The trial court entered judgment for Ireland, concluding that Clark's was barred from seeking contribution because Ireland's liability to Buckley's parents had not been discharged in the settlement.
In reversing the judgment of the trial court, the appellate court reasoned that it need not resolve whether the settlement had extinguished Ireland's liability, because his liability could also be discharged by expiration of the statute of limitations on Buckley's parents' claims against him. The appellate court concluded that "when the statute of limitations has expired on the claims against a non-settling tortfeasor, his liability has been extinguished for purposes of a settling tortfeasor's right to seek contribution from him." Id. at 771. The appellate court reversed the judgment and remanded the cause for further proceedings. Similarly, the defendants in the case at bar claim they should be able to seek contribution from Klein because her liability has been extinguished by applicable statutes of limitation.
We choose not to follow the court's decision in Clark's Resources, Inc. Whether Klein's liability to the Estate has extinguished by applicable statutes of limitation was not an issue presented to the district court. Since the issue was not presented to the lower court, we do not consider whether applicable statutes of limitation extinguished Klein's liability. See Clark v. Clark, 275 Neb. 276, 746 N.W.2d 132 (2008) (appellate court will not consider issue on appeal that was not passed upon by trial court). Even assuming that Klein's liability was barred by applicable statutes of limitation and her liability was extinguished, it was not because of the settlement by the defendants. The defendants' settlement was of no benefit to Klein. Thus, the defendants did not establish they extinguished Klein's liability for the injury or wrongful death. See Schuman v. Vitale, 144 Pa.Cmwlth. 560, 602 A.2d 390 (1992).
*504 [8] We now hold that in order to recover on a claim for contribution among joint tort-feasors, the following elements must be shown: (1) There must be a common liability among the party seeking contribution and the parties from whom contribution is sought; (2) the party seeking contribution must have paid more than its pro rata share of the common liability; (3) the party seeking contribution must have extinguished the liability of the parties from whom contribution is sought; and (4) if such liability was extinguished by settlement, the amount paid in settlement must be reasonable.
In the case at bar, the defendants and Klein are alleged to be tort-feasors jointly and severally liable for the wrongful death. Whether the parties seeking contribution paid more than their pro rata share is not known, but it is not necessary to our analysis, because Klein's liability was not extinguished by the settlement. The common liability among the joint tort-feasors must be extinguished by the tort-feasor seeking contribution.
[9-11] The basis for an action for contribution is the discharge of a common liability caused by joint tort-feasors in which one tort-feasor has paid more than his or her proportionate share. See Cerny v. Todco Barricade Co., 273 Neb. 800, 733 N.W.2d 877 (2007). Under equitable principles, the discharge of such liability is a benefit to the tort-feasor from whom contribution is sought. However, without such discharge, the other tort-feasor may remain liable to the injured party and the tort-feasor seeking contribution will not have fixed the amount of liability for which contribution is sought. A settlement by one tort-feasor that does not extinguish the common liability does not confer a benefit upon which a claim for contribution may be asserted. "`The doctrine of contribution is an equitable doctrine which requires that persons under a common burden share that burden equitably.'" Zaffke v. Wallestad, 642 N.W.2d 757, 759 (Minn.App.2002). If the common burden is to be shared, the discharge of liability from such burden must also be shared. Thus, a right of contribution among joint tort-feasors is not established if the tort-feasor seeking contribution extinguishes only his or her liability and does not extinguish the liability of the other joint tort-feasors from whom contribution is sought.
[12] The reciprocal also applies. A joint tort-feasor who settles without extinguishing the entire liability, and whose payment later turns out to be less than his fair share, is not subject to actions for contribution to others. See Woods v. Withrow, 413 So.2d 1179 (Fla.1982).
[13] Here, the defendants entered into a settlement with the Estate prior to the entry of judgment against any of the tort-feasors. The defendants took no action to extinguish Klein's liability prior to entering into such settlement. The settlement did not extinguish Klein's liability, because she was not a party to it. The defendants have not met the requirement that the party seeking contribution must have extinguished the liability of the joint tort-feasor from whom contribution is sought. Klein's liability was not extinguished, and she remained exposed to a lawsuit.
Summary judgment is proper if the pleadings and admissible evidence offered at the hearing show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. Jardine v. McVey, 276 Neb. 1023, 759 N.W.2d 690 (2009). In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was *505 granted, and the court gives that party the benefit of all reasonable inferences deducible from the evidence. Id.

CONCLUSION
The record presented in this case shows that there is no genuine issue as to any material fact. The undisputed facts show that Powell, a passenger in a vehicle driven by Montange, died as a result of a motor vehicle accident. The Estate sued the defendants for negligence. Klein was not made a party to that action. The defendants and the Estate entered into a settlement that specifically stated Klein was not a released party.
Applying the elements required for contribution to the case at bar, we determine that the defendants did not demonstrate that they extinguished Klein's liability by the settlement. The district court correctly determined that the defendants were barred from seeking contribution from Klein because they did not obtain a settlement or common release which extinguished Klein's liability.
The judgment of the district court is affirmed.
AFFIRMED.