Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/23/2022 08:05 AM CST

Tonya Edwards, as assignee of Douglas County,
Nebraska, a political subdivision, appellant, v.
Estate of Kenneth Clark and Mark Malousek,
as Personal Representative of the Estate
of Kenneth Clark, appellee.

Jennifer Edwards, as assignee of Douglas County,
Nebraska, a political subdivision, appellant, v.
Estate of Kenneth Clark and Mark Malousek,
as Personal Representative of the Estate
of Kenneth Clark, appellee.

___ N.W.2d ___

Filed December 23, 2022.    Nos. S-21-790, S-21-791.

1. **Motions to Dismiss: Appeal and Error.** A district court's grant of a motion to dismiss is reviewed de novo.
2. **Motions to Dismiss: Pleadings: Appeal and Error.** When reviewing an order dismissing a complaint, the appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusion.
3. **Actions: Pleadings: Notice.** Civil actions are controlled by a liberal pleading regime; a party is only required to set forth a short and plain statement of the claim showing the pleader's entitlement to relief and is not required to plead legal theories or cite appropriate statutes so long as the pleading gives fair notice of the claims asserted.
4. ____: ____: ____. The rationale for a liberal notice pleading standard in civil actions is that when parties have a valid claim, they should recover on it regardless of failing to perceive the true basis of the claim at the pleading stage.
5. **Motions to Dismiss: Pleadings.** To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts,

accepted as true, to state a claim to relief that is plausible on its face. In cases in which a plaintiff does not or cannot allege specific facts showing a necessary element, the factual allegations, taken as true, are nonetheless plausible if they suggest the existence of the element and raise a reasonable expectation that discovery will reveal evidence of the element or claim.

6. **Judgments: Appeal and Error.** An appellate court may affirm a lower court's ruling that reaches the correct result, albeit based on different reasoning.

7. **Contribution: Words and Phrases.** Contribution is defined as a sharing of the cost of an injury as opposed to a complete shifting of the cost from one to another, which is indemnification.

8. **Subrogation: Words and Phrases.** Subrogation is the substitution of one person in the place of another with reference to a lawful claim, demand, or right, so that the one who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities.

9. **Subrogation.** Generally, subrogation is unavailable until the debt owed to a subrogor has been paid in full.

10. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

Appeals from the District Court for Douglas County: James M. Masteller, Judge. Affirmed.

Theodore R. Boecker, Jr., of Boecker Law, P.C., L.L.O., for appellants.

Jon J. Puk, of Woodke & Gibbons, P.C., L.L.O., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Funke, J.

## INTRODUCTION

Tonya Edwards and Jennifer Edwards (collectively the Edwardses) appeal the order of the district court for Douglas County, Nebraska, dismissing their complaints against the estate of Kenneth Clark (Clark's estate). The Edwardses, as

assignees of Douglas County, sought to recover expenses that the county incurred in defending and settling the lawsuits that the Edwardses brought against it for its alleged negligence in responding to acts of assault and battery committed by Clark. The district court found that the Edwardses failed to state a claim for contribution or indemnity, because the county is immune from claims arising out of battery under the Political Subdivisions Tort Claims Act (PSTCA) and thus does not have a common liability with Clark's estate. The district court also denied the Edwardses' claim for subrogation. We affirm.

## BACKGROUND

Our earlier decision in *Edwards v. Douglas County*[1] sets forth the egregious events underlying the present appeal. We will not fully recite these events here. Instead, we note only that Tonya's husband, Jason Edwards, and Jennifer's husband, John Edwards, were fatally shot by Clark as they helped their sister, Julie Edwards, move out of the residence she shared with Clark. Clark then held Julie hostage and sexually assaulted her before killing himself. The Douglas County 911 call center received several calls from John during these events.

Subsequently, after complying with the presuit notice requirements under the PSTCA, the Edwardses filed companion lawsuits against the county, alleging that it was negligent in its handling of John's calls and the crime scene. In addition, Jennifer alleged that the county caused John emotional distress by treating him as if he were lying or joking when he called the Douglas County 911 call center. Tonya similarly alleged that the county caused her emotional distress by not informing her of Jason's death for over 10 hours and leaving her family to learn of his death from news reports.

Douglas County responded by bringing third-party complaints against Clark's estate, alleging that the Edwardses' damages were "solely caused by [Clark's] intentional acts"

---

[1] *Edwards v. Douglas County*, 308 Neb. 259, 953 N.W.2d 744 (2021).

and that to the extent the county is found liable to the Edwardses, the estate is liable to the county for contribution or indemnification.

Clark's estate answered, denying these allegations and asserting, as an affirmative defense, that the county failed to state a claim upon which relief can be granted.

Subsequently, Douglas County settled with the Edwardses, paying $300,000 to Jennifer and $50,000 to Tonya. It also assigned "any claim of contribution, subrogation, and/or indemnity" that it may have against Clark's estate to them. The settlements are not part of the record on appeal.

The Edwardses then sued Clark's estate, seeking "judgment as assignee[s] on all claims upon which Douglas County could have recovered." They asserted a right to contribution, indemnity, or subrogation, because Clark's actions forced the county to "suffer loss and incur expenses in defense of the suit[s]" they brought.

Clark's estate moved to dismiss the Edwardses' complaints for failure to state a claim. At a hearing on this motion, the estate asserted that the Edwardses' claims were no different than Julie's claims against the county, which the Nebraska Supreme Court found arose out of assault and thus were barred by sovereign immunity. The estate argued that the Edwardses took the assignment subject to the county's defense of immunity. It also argued that the Edwardses must prove that the county is liable before they could recover damages and that they cannot do this, because the county is immune under the PSTCA.

The Edwardses disagreed. They argued that their claims were different because the county caused emotional distress to John and Tonya and that as a result, the court decision regarding Julie's claims is "not necessarily dispositive." They also argued that they made a sufficient showing to survive a motion to dismiss. Specifically, they argued that they do not need to prove that the county is liable in order to recover in equity; instead, they need only prove that the settlement was

reasonable. They also argued that Clark's estate's decision to answer the third-party complaint, rather than move to dismiss it for failure to state a claim, proves that "it's a plausible, cognizable claim."

The district court ruled in favor of Clark's estate. It found that the claim for contribution failed, because contribution requires a common liability and the county is immune from liability under the PSTCA for claims arising out of battery. In so doing, the court expressly rejected the argument that the county's handling of the incident was "independent negligence causing emotional distress." The court also determined that Clark's actions were not negligent, but in fact intentional. The court also rejected the claim for indemnification, because it, too, requires a common liability between the county and the estate. Likewise, the court rejected the claim for subrogation, because the county was not compelled to pay for Clark's actions and there was no allegation that the county extinguished the estate's liability when it settled with the Edwardses.

The Edwardses appealed to the Nebraska Court of Appeals, and we moved the matter to our docket.

## ASSIGNMENTS OF ERROR

The Edwardses assign, restated, that the district court erred in (1) granting the motion to dismiss; (2) finding that their claims for contribution, indemnification, and subrogation could not be maintained, because the county is immune from liability for claims arising out of assault and battery; and (3) failing to recognize the county had liability from which it is not immune.

## STANDARD OF REVIEW

[1,2] A district court's grant of a motion to dismiss is reviewed de novo.[2] When reviewing an order dismissing a complaint, the appellate court accepts as true all facts which

---

[2] *Gray v. Frakes*, 311 Neb. 409, 973 N.W.2d 166 (2022).

are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusion.[3]

## ANALYSIS

### Dismissal for Failure to State Claim

The Edwardses argue that the district court erred in disposing of their complaints upon a motion to dismiss. They maintain that as assignees of Douglas County, they stated a facially plausible claim to contribution, indemnification, or subrogation by showing that the county "incurred legal fees and expenses as a consequence of the original lawsuit[s] brought against it" and that "Clark's estate should equitably bear responsibility for such costs because Clark's conduct placed [the county] in a position that made it necessary for [the county] to incur expenses to protect its interests and defend itself."[4] We disagree.

[3,4] Civil actions in Nebraska are controlled by a liberal pleading regime; a party is only required to set forth a short and plain statement of the claim showing the pleader's entitlement to relief and is not required to plead legal theories or cite appropriate statutes so long as the pleading gives fair notice of the claims asserted.[5] The rationale for this pleading standard is that when parties have a valid claim, they should recover on it regardless of failing to perceive the true basis of the claim at the pleading stage.[6]

[5] Accordingly, to prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts, accepted as true, to state a claim to relief that is plausible on

---

[3] *Id.*

[4] Brief for appellant in case No. S-21-790 at 13; brief for appellant in case No. S-21-791 at 14.

[5] See *Schmid v. Simmons*, 311 Neb. 48, 970 N.W.2d 735 (2022).

[6] See *id.*

its face.[7] In cases where a plaintiff does not or cannot allege specific facts showing a necessary element, the factual allegations, taken as true, are nonetheless plausible if they suggest the existence of the element and raise a reasonable expectation that discovery will reveal evidence of the element or claim.[8]

[6] We agree with the district court that the Edwardses failed to allege facts showing a necessary element as to their claims for contribution, indemnification, and subrogation. However, unlike the district court, we base this finding solely on the fact that nothing in the pleadings or the record on appeal indicates that the county's settlement with the Edwardses extinguished Clark's estate's liability or that the county paid the debt owed by the estate. The district court relied upon this fact when finding that the Edwardses failed to state a claim for subrogation, but it based its findings as to contribution and indemnity upon its conclusion that the county and the estate do not have a common liability to the Edwardses. An appellate court may affirm a lower court's ruling that reaches the correct result, albeit based on different reasoning.[9]

[7,8] We have recognized contribution, indemnification, and subrogation as equitable remedies when one party pays damages or debts that in justice another party ought to pay.[10] Although related, each remedy is distinct. Contribution is defined as a sharing of the cost of an injury as opposed to a complete shifting of the cost from one to another, which is indemnification.[11] Subrogation, in turn, is the substitution of

---

[7] *Main St Properties v. City of Bellevue*, 310 Neb. 669, 968 N.W.2d 625 (2022).

[8] *Vasquez v. CHI Properties*, 302 Neb. 742, 925 N.W.2d 304 (2019).

[9] *Florence Lake Investments v. Berg*, 312 Neb. 183, 978 N.W.2d 308 (2022).

[10] See, e.g., *Kuhn v. Wells Fargo Bank of Neb.*, 278 Neb. 428, 771 N.W.2d 103 (2009) (indemnification); *Estate of Powell v. Montange*, 277 Neb. 846, 765 N.W.2d 496 (2009) (contribution); *Rawson v. City of Omaha*, 212 Neb. 159, 322 N.W.2d 381 (1982) (subrogation).

[11] *United Gen. Title Ins. Co. v. Malone*, 289 Neb. 1006, 858 N.W.2d 196 (2015).

one person in the place of another with reference to a lawful claim, demand, or right, so that the one who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities.[12]

All three remedies are alike, however, in requiring a party seeking recovery to show it has discharged the liability or paid the debt of the party from which it seeks to recover, as we explain below. Because the Edwardses discussed all three remedies, in the alternative, we consider each of them below, ultimately finding that none apply given the facts and circumstances of this case. We take no position on whether the county's claims for contribution, indemnification, or subrogation could be assigned.

In *Estate of Powell v. Montange*,[13] we expressly held that as one element of its claim, a party seeking contribution among joint tort-feasors must prove that it extinguished the liability of the parties from whom contribution is sought. Other elements that must be proved include: (1) a common liability among the party seeking contribution and the parties from whom contribution is sought, (2) the party seeking contribution paid more than its pro rata share of the common liability, and (3) if such liability was extinguished by settlement, the amount paid in settlement was reasonable.[14]

In *Estate of Powell*, the driver and owners of a vehicle whose passenger was fatally injured in a traffic accident were sued for negligence.[15] As a result, the driver and owners sought contribution from another driver who they alleged caused the accident.[16] They then settled with the passenger's estate and

---

[12] *Countryside Co-op v. Harry A. Koch Co.*, 280 Neb. 795, 790 N.W.2d 873 (2010), *disapproved on other grounds, Weyh v. Gottsch*, 303 Neb. 280, 929 N.W.2d 40 (2019).

[13] *Estate of Powell, supra* note 10.

[14] *Id*.

[15] *Id*.

[16] *Id*.

obtained a limited release, which stated that nothing therein "'is to be construed as a discharge or waiver of the claims'" against the other driver.[17] We found the terms of this release to be inconsistent with the sharing of burdens and benefits that forms the rationale for contribution, stating: "'"The doctrine of contribution is an equitable doctrine which requires that persons under a common burden share that burden equitably."' . . . If the common burden is to be shared, the discharge of liability from such burden must also be shared."[18] Accordingly, we affirmed that the driver and owners were not entitled to contribution, because they did not obtain a settlement or common release extinguishing the other driver's liability.[19]

We have similarly found that liability for indemnity exists when the party seeking indemnity (the indemnitee) is "'free of fault and has discharged a debt that should be paid wholly by'" the party from whom indemnity is sought (the indemnitor).[20] We take this to mean, as other jurisdictions have expressly found, that the debt paid is the same debt owed by the indemnitor, or what is sometimes described as a "common" or "coextensive" obligation.[21] The courts that have taken this approach have generally based it upon the fact that a claim for noncontractual indemnity requires that the indemnitor and

---

[17] *Id*. at 848, 765 N.W.2d at 499.

[18] *Id*. at 856, 765 N.W.2d at 504.

[19] *Estate of Powell, supra* note 10.

[20] *Downey v. Western Comm. College Area*, 282 Neb. 970, 989, 808 N.W.2d 839, 854 (2012). See, also, *United Gen. Title Ins. Co., supra* note 11.

[21] See, e.g., *Lee Way Motor Freight v. Yellow Transit Fr. Lines*, 251 F.2d 97 (10th Cir. 1957) (applying Oklahoma law); *Maryland Casualty Co. v. Paton*, 194 F.2d 765 (9th Cir. 1952) (applying California law); *Crab Orchard Imp. Co. v. Chesapeake & O. Ry. Co.*, 115 F.2d 277 (4th Cir. 1940) (applying West Virginia law); *KnightBrook Ins Co v. Payless Car Rental System*, 356 F. Supp. 3d 856 (D. Ariz. 2018) (applying Arizona law); *American Mutual Liability Ins. Co. v. Reed Cleaners*, 265 Minn. 503, 122 N.W.2d 178 (1963); *Beeler v. Martin*, 306 S.W.3d 108 (Mo. App. 2010).

indemnitee shared a "common" or "single" duty and the indemnitee assumed the indemnitor's liability to a third party by virtue of some legal relationship between the indemnitor and the indemnitee.[22]

As such, this approach is consistent with our case law, which generally recognizes a right to noncontractual indemnity only where there is a "'single joint wrong'"[23] and actual fault is attributable to one party, while the other party is technically or constructively at fault.[24] For example, we have found a right to indemnity where the indemnitee was constructively liable for the indemnitor's wrongdoing as the result of a statute and where the indemnitee merely failed to discover or remedy the indemnitor's negligence, but not where the putative indemnitee was negligent in its own right.[25] If a party seeking indemnification is independently liable to the plaintiff, that party is limited to a claim for contribution.[26]

Standard legal treatises take a similar approach, while also highlighting the role that respective burdens and benefits play in recovery here. Prosser and Keaton on the Law of Torts defines the word "indemnify" as "requiring another to reimburse in full one who has discharged a common liability."[27] The Corpus Juris Secundum likewise states that indemnity

---

[22] See, e.g., *KnightBrook Ins Co, supra* note 21, 356 F. Supp. 3d at 860.

[23] *Farmers Elevator Mut. Ins. Co. v. American Mut. Lia. Ins. Co.*, 185 Neb. 4, 14, 173 N.W.2d 378, 385 (1969), *overruled on other grounds, Royal Ind. Co. v. Aetna Cas. & Sur. Co.*, 193 Neb. 752, 229 N.W.2d 183 (1975).

[24] *Hiway 20 Terminal, Inc. v. Tri-County Agri-Supply, Inc.*, 232 Neb. 763, 443 N.W.2d 872 (1989) (citing *Tober v. Hampton*, 178 Neb. 858, 136 N.W.2d 194 (1965)).

[25] Compare *United Gen. Title Ins. Co., supra* note 11 (indemnitee held liable by statute, regardless of fault), and *Hiway 20 Terminal, Inc., supra* note 24 (indemnitee failed to discover installation defect), with *Downey, supra* note 20 (putative indemnitee negligent in own right).

[26] See, e.g., *Warner v. Reagan Buick*, 240 Neb. 668, 483 N.W.2d 764 (1992).

[27] W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 51 at 341 (5th ed. 1984).

applies "only where there is an identical duty" owed by one party and discharged by another.[28] The Restatement (Third) of Torts further notes that it has identified no case where noncontractual indemnity was allowed against a party that remains liable to the plaintiff.[29] As the Restatement explains, it would be unfair under the basic principles of restitution to make a party pay indemnity in such situations, because it is the benefit provided to the indemnitor by the discharge of the burden of liability that entitles the indemnitee to recovery.[30] Absent such discharge, it would be "unfair . . . to make a person pay noncontractual indemnity while . . . still liable to the plaintiff."[31]

[9] Likewise, as to subrogation, in multiple opinions dating back over a century, we have ruled that, generally, subrogation is unavailable until the debt owed to a subrogor has been paid in full.[32] In one such opinion, *Shelter Ins. Cos. v. Frohlich*,[33] we reversed the grant of summary judgment to an insurer on its subrogation claim, because the record failed to show whether the injured party had been fully compensated as a result of the settlement of her personal injury claims. This case involved a contract providing for subrogation.[34] However, we looked to the equitable principles underlying subrogation, in particular the unfair benefit that subrogors would receive if they recovered double payment, when rejecting the plaintiff's argument that full compensation is unnecessary for the right

---

[28] 42 C.J.S. *Indemnity* § 2 at 113 (2017).

[29] Restatement (Third) of Torts: Apportionment of Liability § 22, Reporters' Note comment *b.* (2000).

[30] *Id*.

[31] *Id*., Reporters' Note comment *b.* at 277.

[32] See, e.g., *Blue Cross and Blue Shield v. Dailey*, 268 Neb. 733, 687 N.W.2d 689 (2004); *Skinkle v. Huffman*, 52 Neb. 20, 71 N.W. 1004 (1897).

[33] *Shelter Ins. Cos. v. Frohlich*, 243 Neb. 111, 498 N.W.2d 74 (1993), *disapproved on other grounds, Blue Cross and Blue Shield, supra* note 32.

[34] *Id*.

of subrogation.[35] We took a similar approach in *Skinkle v. Huffman*,[36] a case involving a claim for subrogation that arose from the payment of an installment due on a mortgage, recognizing "payment in full of the debt as a condition precedent to the right of subrogation."

In the present case, nothing in the Edwardses' pleadings or the record on appeal indicates that the settlement discharged Clark's estate's liability or that the county paid the estate's debt when settling with the Edwardses. To the contrary, there are currently proceedings in another action involving the Edwardses' direct claims against the estate.[37] Additionally, the Edwardses' briefs on appeal make a cursory reference to the county's having "paid debts of . . . Clark's [e]state (in part),"[38] but the briefs and the record are otherwise silent about the settlement's terms, the estate's liability and debts to the Edwardses, and whether the Edwardses received or seek further recovery from the estate.

There are, in contrast, multiple references to the burdens the county incurred by being "forced to defend itself due to events that . . . Clark put in motion."[39] However, as our decisions make clear, it is the sharing of burdens and benefits that forms the rationale for recovery of contribution, indemnity, and subrogation. Moreover, as to indemnity specifically, it appears that the settlement may have discharged the county's liability for conduct the Edwardses characterize as "wholly distinct"

---

[35] *Id*.

[36] *Skinkle, supra* note 32, 52 Neb. at 23, 71 N.W. at 1005.

[37] See *In re Interest of Noah B. et al.*, 295 Neb. 764, 891 N.W.2d 109 (2017) (court may consider other lawsuits filed by plaintiff when determining whether to grant motion to dismiss for failure to state claim). See, also, Neb. Rev. Stat. § 27-201(6) (Reissue 2016) ("[j]udicial notice may be taken at any stage of the proceeding").

[38] Brief for appellant in case No. S-21-790 at 16-17; brief for appellant in case No. S-21-791 at 18.

[39] Brief for appellant in case No. S-21-790 at 13; brief for appellant in case No. S-21-791 at 14.

and "wholly independent" of Clark's actions in shooting Jason and John.[40] Any such discharge could be seen to involve a debt owed solely by the county, and not by Clark's estate.[41]

The Edwardses cite the federal court decision in *Native American Arts, Inc. v. Duck House, Inc.*[42] for the proposition that "[o]n the settlement of assigned indemnity claims, a party only has to show [that] the settlement was 'reasonable' and that the settling party . . . 'settled under a reasonable apprehension of liability.'"[43] However, this decision involved an express agreement to indemnify, and the court there indicated that to prevail on a so-called settlement-indemnity claim, the plaintiff must first show that the contract's indemnity clause covered the settled claim.[44] As such, the decision has no application to the facts of this case, where Clark's estate is not alleged to have agreed to indemnify the county.

The remaining cases from other jurisdictions cited by the Edwardses state only that "the fact that a party against whom a legal liability is asserted made a fair settlement in good faith without a judgment having been entered against him does not prevent his seeking to enforce a claim" for contribution or indemnification.[45] We have no disagreement with

---

[40] Brief for appellant in case No. S-21-790 at 12, 13; brief for appellant in case No. S-21-791 at 13, 14.

[41] *Cf. KnightBrook Ins Co, supra* note 21 (plaintiff not entitled to indemnification for any portion of settlement payment made to discharge obligations not owed by defendant).

[42] *Native American Arts, Inc. v. Duck House, Inc.*, No. 05 C 2176, 2007 WL 8045973 (N.D. Ill., Mar. 1, 2007).

[43] Brief for appellant in case No. S-21-790 at 14; brief for appellant in case No. S-21-791 at 15.

[44] *Native American Arts, Inc., supra* note 42.

[45] *Boston v. Old Orchard Business District, Inc.*, 26 Ill. App. 2d 324, 329, 168 N.E.2d 52, 56 (1960). See, also, *Moses-Ecco Company v. Roscoe-Ajax Corporation*, 320 F.2d 685, 689 (D.C. Cir. 1963) (plaintiff did not lose its contractual right to indemnity "simply because it settled"); *Sleck v. Butler Brothers*, 53 Ill. App. 2d 7, 15, 202 N.E.2d 64, 68 (1964) ("fact that the . . . case was settled" does not affect right to seek contribution).

this proposition. However, a party is not entitled to contribution, indemnity, or subrogation merely because it settled a complaint against it; other elements necessary to state a claim must still be proved. These elements include extinguishing the liability of the parties from whom recovery is sought, in the case of contribution, and discharging the same debt in the case of indemnity.

In *Rawson v. City of Omaha*,[46] we did rule that a driver who settled two lawsuits for damages for which a city was subsequently found to be solely liable was entitled to subrogation. However, nothing in *Rawson* suggests that the general requirement that the party seeking subrogation must have paid the full debt of the party from whom subrogation is sought is inapplicable in such cases. To the contrary, our decision relied, in part, on an opinion from another jurisdiction which reiterated this general requirement when finding that two parties who settled and subsequently were found not to be negligent were entitled to subrogation.[47] The parties in that case had entered a settlement that released all defendants, including the nonsettling defendant from whom subrogation was later sought.[48] The court relied upon this factor, as well as the general principle that "[w]here property of one person is used in discharging an obligation owed by another . . . , under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated," in reaching the conclusion that subrogation was warranted.[49]

The Edwardses' argument that dismissal was improper because no determination could be made, at the pleadings stage, regarding whether the settlement was reasonable or

---

[46] *Rawson v. City of Omaha*, 212 Neb. 159, 322 N.W.2d 381 (1982).

[47] *Alamida v. Wilson*, 53 Haw. 398, 495 P.2d 585 (1972).

[48] *Id.*

[49] *Id.* at 404, 495 P.2d at 590 (quoting the Restatement of Restitution § 162 (1937)).

whether the county paid more than its proportionate share is similarly unavailing. The resolution of these questions is immaterial given the Edwardses' failure to show that the settlement discharged Clark's estate's liability or that the estate's debt was paid. Nor is this a case where dismissal is improper because there is a reasonable expectation that discovery will reveal the necessary elements. The Edwardses cite *Tryon v. City of North Platte*[50] in support of this proposition. However, as parties to the settlement which assigned the county's claims to them, the Edwardses do not need discovery to determine the scope or terms of the settlement.

### REMAINING ASSIGNMENTS OF ERROR

[10] The Edwardses also allege that the district court erred in finding that their claims could not be maintained, because the county is immune from liability for claims arising out of assault and battery, and in failing to realize that the county had liability from which it is not immune. We need not resolve these questions given our finding that the district court's dismissal of the Edwardses' complaints was proper on other grounds. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.[51]

### CONCLUSION

The Edwardses' claims that the district court erred in dismissing their complaint are without merit. Accordingly, the judgment of the district court is affirmed.

AFFIRMED.

---

[50] *Tryon v. City of North Platte*, 295 Neb. 706, 890 N.W.2d 784 (2017).

[51] See, e.g., *State v. Moore*, 312 Neb. 263, 978 N.W.2d 327 (2022).