IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

IN RE ESTATE OF DAVIS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

IN RE ESTATE OF JAMES MARTIN DAVIS, DECEASED.

VICTORIA H. SITZ ET AL., APPELLEES,

V.

JOSEPH J. BUTTERCASE, APPELLANT, AND CORDELL C. STEWART,
APPELLEE AND CROSS-APPELLANT.

Filed March 12, 2024.    No. A-23-214.

Appeal from the County Court for Douglas County: JEFFREY L. MARCUZZO, Judge. Affirmed.

Joseph J. Buttercase, pro se.

Cordell C. Stewart, pro se.

Krista M. Eckhoff and Jesse D. Sitz, of Baird Holm, L.L.P., for appellees.

MOORE, BISHOP, and ARTERBURN, Judges.

ARTERBURN, Judge.

INTRODUCTION

Joseph J. Buttercase and Cordell C. Stewart appeal from an order entered by the Douglas County Court regarding the administration of the estate of James M. Davis, who was a criminal defense attorney. Buttercase and Stewart assert that they were clients of Davis' and are entitled to monetary relief based on Davis' deficient performance while representing their individual legal interests. After the estate disallowed their claims, Buttercase and Stewart each filed a petition for allowance of claim in the county court. The county court held a trial for each petition and ultimately denied both petitions. We affirm the county court's decision because Buttercase and Stewart failed

- 1 -

to file their claims within the 2-month period following publication of notice as established by the Nebraska Probate Code.

BACKGROUND

The procedural history of this probate case is somewhat complicated. This appeal is based upon attorney-client relationships established in prior criminal cases, as well as a prior malpractice suit brought against Davis by Buttercase. We review below only the necessary facts to establish a sufficient background.

In December 2012, Buttercase was indicted on federal child pornography charges and hired Davis to represent him in the matter. After approximately 13 months, Davis withdrew as Buttercase's counsel, citing disagreements over legal service fees and payments. Buttercase was thereafter represented by a federal public defender and eventually pled guilty to producing and transporting obscene materials for distribution. He was sentenced to 36 months' imprisonment. That sentence was ordered to run concurrently with the state sentence he was then serving.

After Davis withdrew as counsel, Buttercase filed a bar complaint against Davis. An evidentiary hearing was held, and the federal magistrate judge found that Davis had not committed an ethical violation and recommended that Buttercase's complaint be dismissed. The federal district court adopted this recommendation.

In February 2017, Buttercase sued Davis for breach of fiduciary duty, and in a later amended complaint, legal malpractice, breach of contract, breach of fiduciary duties, misrepresentation, and infliction of emotional distress. After several motion-based hearings, the district court sustained a motion by Davis for summary judgment. The court determined that because Buttercase's suit was one of professional negligence, he was required to show that he was actually innocent of the underlying crime and failed to do so. Buttercase moved for reconsideration and filed other similar motions, all of which were overruled. Buttercase appealed the district court's order. In August 2021, while the appeal was pending, Davis passed away. On November 29, 2021, this Court issued a conditional order reviving the appeal in the names of the representatives and successors of Davis and the Davis law firm pursuant to Neb. Rev. Stat. § 25-1406 (Reissue 2016). In December 2022, the Nebraska Supreme Court published its opinion affirming the judgment of the district court.

On December 23, 2021, acting pro se, Buttercase filed two claims against Davis' estate. Buttercase attached this Court's November 2021 conditional order to each claim. In the description section of his first claim, Buttercase listed legal malpractice, breach of contract, breach of fiduciary duties, and misrepresentation. His first total claim amount was $167,045.80. In the description section of his second claim, Buttercase listed infliction of emotional distress, pre-judgment and post-judgment interest, and "costs and fees of suit incurred." His second total claim amount was $50,000.

On January 26, 2022, the estate sent a notice disallowing Buttercase's first claim of $167,045.80. On February 17, 2022, Buttercase filed a petition for allowance of both of his claims in the county court, which he later amended. On June 3, 2022, the estate sent a notice disallowing Buttercase's second claim of $50,000.

Beyond Stewart's assertions, the record is devoid of any evidence that Davis represented Stewart in a prior criminal case. However, nowhere in the record is there evidence that the estate contested this point in the lower court.

On February 24, 2022, acting pro se, Stewart filed a claim against Davis' estate. In the description section of his claim, Stewart lists breach of contract, professional negligence, pre-judgment and post-judgment interest, and "costs and fees of suit incurred." The total sum claimed by Stewart is $10,000. On March 4, 2022, the estate sent a notice disallowing Stewart's claim, and on April 22, 2022, Stewart filed a petition for allowance of his claim.

On June 22, 2022, a pretrial hearing was held on both petitions. Buttercase and Stewart were incarcerated at this time and appeared telephonically. The estate objected to both petitions, arguing that they were not timely filed within the 2-month window established by the Nebraska Probate Code. The county court agreed and denied both petitions, finding that they were filed out of time pursuant to Neb. Rev. Stat. § 30-2485 (Reissue 2016). The court, having taken judicial notice of the case file, noted that the notice to creditors had been filed on October 1, 2021. Buttercase's claim, filed December 23, 2021, and Stewart's claim, filed February 24, 2022, were thus not timely filed.

Throughout late June and early July 2022, Buttercase and Stewart filed several objections and motions. Buttercase filed an objection to the court's order, motioned for an allowance of his claim by default, motioned for reconsideration, and motioned the court to alter or amend its order. Stewart filed an objection to the court's order, motioned for reconsideration, and motioned the court to alter or amend its order.

On October 4, 2022, the county court held another hearing on this matter. Buttercase and Stewart were not present, telephonically or otherwise, for this hearing. Counsel for the estate was present. On its own motion and contrary to the position taken by the estate, the court vacated its June 2022 order denying both petitions. The court, without specifying why its prior orders were in error, stated that it "should have set [these matters] for hearing to allow people to offer any evidence" and that it was rescinding its prior order to do so. The court scheduled a trial for each claimant to be held on February 21, 2023.

On the day of their trials, Buttercase and Stewart again appeared telephonically. They each filed a motion for summary judgment immediately prior to the hearing. The court agreed to hear arguments for these motions in addition to evidence and arguments for their respective petitions. On Stewart's motion for summary judgment, Stewart asserted that he had paid Davis and his law firm for legal representation but that they failed to render representation. Stewart offered his own affidavit as evidence. The estate objected to his affidavit, arguing it contained hearsay and hearsay within hearsay. The court sustained the objection and did not receive Stewart's affidavit. Stewart provided no other evidence or support for his motion. In opposition to the motion, the estate argued that Stewart's claim was filed after the 2-month window had expired and that Stewart was not entitled to direct mailed notice because he did not have a direct legal interest in the estate. The estate also argued that even if Stewart had been entitled to direct notice, there was no evidence that his claim was valid. Stewart responded that he should have received direct mailed notice. Stewart also argued that Davis' law office told Stewart that it would provide legal representation for him upon Davis' passing. Stewart alleged that he paid for these services, but he never received representation or reimbursement.

The estate requested that the court take judicial notice of the publication and publication dates. No objection was made to the estate's request, and the court took judicial notice of the requested records found in the case file. After the issue was submitted, the court overruled Stewart's motion for summary judgment, finding that there was insufficient evidence and that the motion was not timely filed.

The court then turned to Stewart's petition for allowance of claim. The court asked Stewart if he wished to offer any evidence, to which Stewart replied, "No, sir. I just want to state on the record that I paid Mr. Davis a flat-fee rate, and they didn't provide the services that I paid him for." The estate reiterated its 2-month deadline argument and also argued that no evidence was presented to support Stewart's claim. The court denied Stewart's petition, finding that his claim was purely speculative, there was no evidence offered to substantiate his claim, and that the claim was not based on any previous judgment.

The court then turned to Buttercase's motion for summary judgment. Buttercase offered five affidavits in support of his motion, all of which were objected to on either hearsay grounds, res judicata grounds, or both. He did not present any additional evidence for his motion. The estate objected to summary judgment based on Buttercase's failure to timely file the motion. The estate also argued that his claims were barred by res judicata and asked the court to take judicial notice of the Supreme Court's opinion regarding Buttercase's malpractice suit against Davis. Buttercase objected, arguing that the opinion was not a final judgment and that because it did not reach the merits of his claims, it did not establish a basis for res judicata. Over Buttercase's objections, the court received the opinion as exhibit 7. The county court overruled the motion for summary judgment, finding that there was insufficient evidence and that Buttercase failed to timely file the motion.

The court then turned to Buttercase's petition. Buttercase, his father, and an attorney who was representing Buttercase in separate cases testified in favor of his petition. The estate interposed numerous objections, including foundation, hearsay, res judicata, and relevance. Little if any, pertinent evidence was received from these witnesses. Dissatisfied with the court's rulings, Buttercase moved for the county court judge to recuse himself on grounds of bias and partiality toward the opposing party. Buttercase argued that the judge demonstrated such a high degree of favoritism for the other party that fair judgment would be impossible in this case. The estate objected to Buttercase's motion, reasoning that rulings on evidence are not proper bases for recusal. The court denied the motion, stating that it did not know Buttercase or opposing counsel personally and that it was not showing favoritism to either party, but rather ruling on valid objections that had been offered to the court. Buttercase later renewed this motion, and it was again denied.

After Buttercase rested, the estate made a res judicata argument. In addition to exhibit 7, the estate pointed out that Buttercase attached this Court's conditional order to each of his claims. The estate argued that this order was further evidence of overlap between Buttercase's current claims and the lawsuit he had filed against Davis which was disposed of in Davis' favor and affirmed on appeal by the Supreme Court. In response, Buttercase argued that his personal suit against Davis was not decided on the merits because the court ruled only that Buttercase failed to prove his actual innocence. Based upon a lack of sufficient evidence, the speculative nature of the

claims, no valid prior judgment, and exhibit 7, the county court denied Buttercase's petition for allowance of claims.

Buttercase and Stewart appeal.

## ASSIGNMENTS OF ERROR

Buttercase and Stewart assign, summarized and restated, that the county court erred by (1) denying their motions for summary judgment, (2) sustaining the estate's various evidentiary objections to their respective affidavits and witnesses, (3) failing to recuse himself from the case as to Buttercase's petition, and (4) denying their petitions for allowance of claims.

## STANDARD OF REVIEW

Generally, appeals of matters arising under the Nebraska Probate Code are reviewed for error on the record. *In re Estate of Giventer*, 310 Neb. 39, 964 N.W.2d 234 (2021). But we apply a different standard of review to appeals regarding claims against the probate estate. *Id.* An appeal from the county court's allowance or disallowance of a claim in probate will be heard as an appeal from an action at law. *Id.* In reviewing a judgment of the probate court in a law action, an appellate court does not reweigh evidence, but considers the evidence in the light most favorable to the successful party and resolves evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence. *Id.* The probate court's factual findings have the effect of a verdict and will not be set aside unless clearly erroneous. *Id.* On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Id.*

## ANALYSIS

### STATUS OF PARTIES ON APPEAL

As a preliminary matter, we note that Stewart failed to comply with the rules regarding cross-appeals. Buttercase, pro se, filed a timely notice of appeal on March 15, 2023. Because Buttercase filed the first notice of appeal, all other parties are thereafter designated as appellees with the right to cross-appeal. Neb. Ct. R. App. P. § 2-109(D)(4) (rev. 2021). As a result, Stewart, who filed his notice of appeal on March 23, 2023, is an appellee/cross-appellant. Stewart was, therefore, required to comply with our rules on cross-appeals, which require the following:

> Where the brief of appellee also presents a cross-appeal, it shall be clearly noted on the cover of the brief. Within the appellee's brief, the cross-appeal shall be set forth in a separate section of the brief. This separate section shall be headed "Brief on Cross-Appeal" and shall be prepared in the same manner and under the same rules as the brief of appellant.

§ 2-109(D)(4). Stewart did not follow these procedures. Instead, he and Buttercase, both unrepresented by counsel, submitted a jointly filed, appellate brief. The brief is titled "Brief of Appellants" and is prepared as if Stewart is also an appellant. While some of the issues addressed in the brief apply equally to Stewart and Buttercase, other issues specifically relate to one or the other of them. Both of their signatures appear at the bottom of the brief.

Our rules of appellate practice state that when an appellee submits a brief purporting to be a brief of an appellant, but the brief complies with appellant briefing rules and the brief does not

take issue with any errors asserted by the appellant, the appellate court may, in its discretion, treat the brief of such appellee as a brief on cross-appeal. § 2-109(D)(4). Because the brief complies with our appellant briefing rules and Stewart's portions of the brief do not take issue with any errors asserted by Buttercase, we will consider Stewart's arguments to the extent that they are properly raised in the jointly filed brief.

APPLICABLE STATUTE OF LIMITATIONS

On appeal, the estate asserts that Buttercase and Stewart failed to timely file their claims under § 30-2485(a)(1), and thus, their claims are barred against the estate. This argument implies that the county court correctly disposed of the petitions in its June 2022 order. At the outset, we note that the county court does not clearly enunciate why it vacated that order, stating only that it should have allowed the parties to offer evidence before denying the petitions. At the close of the final hearing on Stewart's petition, the court announced:

> On your allowance for -- the petition of the allowance of claim, Mr. Stewart, I'll show that you've offered no evidence to substantiate that claim. As well as that claim being filed out of time, it's purely speculative and not based on any previous judgment. Therefore, your petition for allowance of claim, filed April 22nd, 2022, is hereby denied.

As to Buttercase's petition, the court stated: "And the corrected petition for the allowance of claim filed by Joseph Buttercase, May 5th, 2022, should be denied due to the lack of sufficient evidence, speculative nature of the claim, no valid prior judgment, and decision of the Nebraska Supreme Court of 313 Nebraska 1." The written findings of the court noted in its February 21, 2023, order basically reflect the oral findings except that the written findings do not recite that Stewart's claim was filed out of time.

We find that we must address the estate's assertion before turning to the assignments of error because if the estate is correct and the claims are time-barred by the statute, all of the assignments of error are rendered moot. Under our probate code, a creditor's claims in probate proceedings must be presented within the time limitations set forth in § 30-2485, also called the nonclaim statute. See *In re Estate of Giventer*, 310 Neb. 39, 964 N.W.2d 234 (2021). The nonclaim statute states, in part:

> (a) All claims against a decedent's estate which arose before the death of the decedent, . . . whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, if not barred earlier by other statute of limitations, are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented as follows:
>
> (1) Within two months after the date of the first publication of notice to creditors if notice is given in compliance with sections 25-520.01 and 30-2483 . . . ;
>
> (2) Within three years after the decedent's death if notice to creditors has not been given in compliance with sections 25-520.01 and 30-2483.

§ 30-2485. The requirements of § 30-2485 are mandatory, and where a claim is not filed within the time provided in the statute, it is barred. *In re Estate of Giventer, supra*.

Neb. Rev. Stat. §§ 30-2483 (Cum. Supp. 2022) and 25-520.01 (Reissue 2016) outline specific requirements and procedures when notifying creditors of an estate. Under § 30-2483(a), the clerk of the county court must give notice to creditors to present their claims within 2 months after the date of the first publication of the notice or be forever barred. The publication is a once-a-week notice published in a locally relevant newspaper for three successive weeks. § 30-2483(a). Section 25-520.01(1) states:

> In any action or proceeding . . . where a notice by publication is given as authorized by law, a party instituting or maintaining the action or proceeding with respect to notice or such party's attorney *shall within five days after the first publication of notice send by United States mail a copy of such published notice . . . to each and every party appearing to have a direct legal interest in such action* or proceeding whose name and post office address are known to such party or attorney.

(Emphasis supplied.) Taken together, these statutes require a general notice via publication and direct mailed notice to all known creditors with a direct legal interest in the probate of the estate.

Our transcript on appeal does not include the proof of publication which gave creditors notice of the time frame in which claims against the estate must be filed. However, on more than one occasion during the proceedings before the county court, the court took judicial notice of the case file either on its own motion or the motion of the estate. In each occurrence, the purpose of taking judicial notice was to bring before the court the dates of publication. Having reviewed the case file, the court recited on the record that the dates of publication were October 1, 8, and 15, 2021. Thus, the record does establish that the statutory period in which claims had to be filed ended two months following the date of the first publication.

Neither Buttercase nor Stewart disclaimed or disputed the dates recited by the court during any of the hearings held regarding their petitions, nor did they object to the court taking judicial notice of the file. In addition, Buttercase and Stewart never argued that their claims were timely filed within the 2-month window of § 30-2485(a)(1). Instead, in the lower court, they argued only that they were never personally notified of this deadline. In their reply brief, Buttercase and Stewart make the same argument here. They assert that they were each a party with a direct legal interest, and as such, they were entitled to direct mailed notice under § 25-520.01(1). When the estate failed to send them direct mailed notice, it was not in compliance with § 25-520.01(1). Thus, they conclude that the 3-year window in § 30-2485(a)(2) applies, and under this deadline, their claims were timely. We disagree.

Under § 25-520.01, two requirements must be satisfied in order to mandate that a personal representative mail a creditor notice: (1) the creditor must have a direct legal interest in the decedent's estate, and (2) the personal representative must have knowledge of the creditor's claim. See *In re Estate of Loder*, 308 Neb. 210, 953 N.W.2d 541 (2021). The Legislature has not defined the term "direct legal interest" for purposes of § 25-520.01, but the Supreme Court has inferred from the language employed by the Legislature that the reference was to property of the estate and property in which the law recognized that the claimant had an existing interest. *In re Estate of Loder, supra.* A claim that is easily ascertainable and not subject to dispute qualifies as a direct legal interest in a decedent's estate. *Id.* In contrast, a claim featuring potential liability of a

decedent, without establishment of liability and amount of damage, does not constitute a direct legal interest. *Id.*

Neither Buttercase nor Stewart possess a direct legal interest. In describing his claims, Buttercase lists legal malpractice, breach of contract, breach of fiduciary duties, misrepresentation, infliction of emotional distress, pre-judgment and post-judgment interest, and "costs and fees of suit incurred." In Stewart's claim description, he lists breach of contract, professional negligence, pre-judgment and post-judgment interest, and "costs and fees of suit incurred." These claims are not easily ascertainable, they are subject to dispute, and they do not firmly establish the amount of damages. There is no evidence of a prior judgment that entitles either claimant to monetary relief based on these allegations. In fact, the prior judgment from the Supreme Court directly opposes Buttercase's claims. These claims are made without any proof of wrongdoing by Davis. They are antipodes to claims that qualify as direct legal interests. For these reasons, neither claimant has a direct legal interest in Davis' estate.

Having found that neither Buttercase nor Stewart possessed a direct legal interest in the estate, we conclude that neither claimant was entitled to direct mailed notice. Both claimants were, therefore, required to file their claims within two months following October 1, 2021. Buttercase filed his claims on December 23, 2021, and Stewart filed his claim on February 24, 2022. As stated in § 30-2485, because Buttercase and Stewart failed to file within 2 months after the date of the first publication of notice, their claims are barred against the estate, the personal representative, and the heirs and devisees of the decedent, Davis. We, therefore, need not consider or rule on the merits of their claims.

Although our reasoning differs from that of the county court, we conclude that the court ultimately reached the correct result in dismissing the petitions for allowance of claims filed by Buttercase and Stewart. An appellate court may affirm a lower court's ruling that reaches the correct result, albeit based on different reasoning. See, e.g., *Edwards v. Estate of Clark*, 313 Neb. 94, 982 N.W.2d 788 (2022).

## CONCLUSION

The county court did not err in denying all of the petitions for allowance of claims. Accordingly, the court's order is affirmed.

AFFIRMED.