Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/23/2024 09:11 AM CDT

SANDRA K. NIEVEEN, APPELLANT, v. TAX 106,
A NEBRASKA GENERAL PARTNERSHIP,
ET AL., APPELLEES.

___ N.W.3d ___

Filed August 23, 2024.    No. S-21-364.

1. **Motions to Dismiss: Appeal and Error.** A district court's grant of a motion to dismiss is reviewed de novo.
2. **Motions to Dismiss: Pleadings: Appeal and Error.** When reviewing an order dismissing a complaint, the appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusion.
3. **Motions to Dismiss: Pleadings.** To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts, accepted as true, to state a claim to relief that is plausible on its face.

Appeal from the District Court for Lancaster County, KEVIN R. MCMANAMAN, Judge. Affirmed in part, and in part reversed and remanded for further proceedings.

Mark T. Bestul, Jennifer Gaughan, and Caitlin Cedfeldt, of Legal Aid of Nebraska, and Christina M. Martin and Deborah J. La Fetra, of Pacific Legal Foundation, pro hac vice, for appellant.

Christian R. Blunk, of Harris & Associates, P.C., L.L.O., for appellees Tax 106 and Vintage Management, LLC.

Patrick F. Condon, Lancaster County Attorney, Daniel J. Zieg, and Eric Synowicki, for appellees Rachel Garver and Lancaster County.

Michael T. Hilgers, Attorney General, Eric J. Hamilton, John J. Schoettle, and Lincoln J. Korell, for appellee State of Nebraska.

Timothy L. Moll, of Rembolt Ludtke, L.L.P., for amicus curiae Nebraska Association of County Officials.

Heavican, C.J., Miller-Lerman, Cassel, Funke, Papik, and Freudenberg, JJ., and O'Gorman, District Judge.

Per Curiam.

In an earlier opinion in this case, we affirmed the district court's rejection of various claims Sandra K. Nieveen asserted concerning the issuance of a tax deed to her property. See *Nieveen v. TAX 106*, 311 Neb. 574, 974 N.W.2d 15 (2022) *cert. granted and judgment vacated* ___ U.S. ___, 143 S. Ct. 2580, 216 L. Ed. 2d 1191 (2023) (*Nieveen I*). One of her claims was that the issuance of the tax deed violated the Takings Clauses of the U.S. and Nebraska Constitutions. One of Nieveen's theories was that the issuance of the tax deed effected a taking without just compensation because it deprived her of all interest in her property, which she alleged was worth substantially more than the amount of her underlying tax debt. Nieveen filed a petition for certiorari in the U.S. Supreme Court. While that petition was pending, the Court held in *Tyler v. Hennepin County*, 598 U.S. 631, 143 S. Ct. 1369, 215 L. Ed. 2d 564 (2023) (*Tyler*), that a Minnesota woman who alleged that a county sold her condominium for $40,000 to satisfy a $15,000 property tax bill had alleged a plausible takings claim. The U.S. Supreme Court subsequently granted certiorari in Nieveen's case, vacated our judgment, and remanded the cause to this court for further consideration in light of *Tyler*. See *Nieveen v. TAX 106*, ___ U.S. ___, 143 S. Ct. 2580, 216 L. Ed. 2d 1191 (2023).

Having now reconsidered our earlier opinion in light of *Tyler*, we conclude that the district court erred by dismissing Nieveen's takings claim against Vintage Management, LLC

(Vintage). We therefore affirm in part, and in part reverse and remand the cause for further proceedings.

## I. BACKGROUND

In our initial opinion, we set forth a detailed summary of the entire factual and procedural history of this case. See *Nieveen I, supra*. We do not repeat all of that here, but instead summarize those details relevant to our opinion in this case.

### 1. Nieveen's Complaint

This case began when Nieveen filed a lawsuit naming several defendants: two private parties—TAX 106 and Vintage—as well as Lancaster County; the Lancaster County treasurer, in her official capacity; and the Attorney General of the State of Nebraska, in his official capacity. Unless more detail is required, we hereafter refer to the county and the county treasurer collectively as "the county."

According to Nieveen's operative complaint, she owned real property in Lincoln, Nebraska, free and clear of any encumbrances. Nieveen alleged that after she failed to pay her property taxes as they became due, TAX 106, pursuant to Nebraska law, purchased a tax certificate for her property from the county treasurer for the amount of the delinquent taxes. She alleged that TAX 106 continued to pay delinquent property taxes on Nieveen's property. A summary of Nebraska's tax certificate sale process and the statutes that governed at the time TAX 106 purchased the tax certificate are included in a similar case also released today. See *Continental Resources v. Fair, ante* p. 391, ___ N.W.3d ___ (2024) (*Fair II*).

Nieveen alleged that 3 years after the tax certificate was issued, TAX 106 sent notice to Nieveen that it would be applying for a tax deed. According to Nieveen, the county treasurer later issued a tax deed to Vintage, TAX 106's successor in interest, which Vintage recorded. Nieveen alleged that at the time the tax deed was issued, her property had an assessed

value of $61,900, an amount far in excess of her tax debt, which she alleged to be under $4,000.

Based on these allegations, Nieveen asserted various claims for relief. First, she alleged that title should be quieted in her name because she suffered from a mental disorder and was therefore entitled to a 5-year redemption period under Neb. Rev. Stat. § 77-1827 (Reissue 2018). She also alleged that the issuance of the tax deed violated several of her rights under the U.S. and Nebraska Constitutions. Relevant here, she alleged that the issuance of the tax deed violated her rights under the Due Process Clauses of the U.S. and Nebraska Constitutions, the Takings Clauses of the U.S. and Nebraska Constitutions, and the Excessive Fines Clauses of the U.S. and Nebraska Constitutions. With regard to her takings claims, Nieveen alleged that the issuance of the tax deed amounted to a taking for a private purpose and, in the alternative, that it was a taking for a public use without just compensation.

## 2. District Court Proceedings

Early in the case, the district court dismissed the Attorney General as a party without objection from Nieveen. The district court later dismissed Nieveen's constitutional claims for failure to state a claim. TAX 106, Vintage, and the county subsequently moved for summary judgment on Nieveen's sole remaining claim that title should be quieted in her name because she was entitled to an extended redemption period. The district court denied the motion for summary judgment filed by TAX 106 and Vintage but granted the county's motion for summary judgment.

The matter then proceeded to trial on Nieveen's claim that title should be quieted in her name because she was entitled to an extended redemption period. Following trial, the district court entered an order finding that Nieveen was not entitled to the extended redemption period and dismissing the case.

Nieveen filed a timely appeal, and we moved the case to our docket.

### 3. This Court's Initial Opinion

On appeal, Nieveen assigned and argued that the district erred by finding that she did not suffer from a mental disorder and was therefore not entitled to an extended redemption period under § 77-1827. She also assigned and argued that the district court erred by dismissing her constitutional claims.

We found that the district court did not err in determining that Nieveen was not entitled to an extended redemption period. We also found that the district court did not err in dismissing her constitutional claims. With respect to Nieveen's takings claims, we relied on our decision in *Continental Resources v. Fair*, 311 Neb. 184, 971 N.W.2d 313 (2022), *cert. granted and judgment vacated* \_\_\_ U.S. \_\_\_, 143 S. Ct. 2580, 216 L. Ed. 2d 1191 (2023) (*Fair I*), in which, just a few months before, we had rejected arguments essentially identical to Nieveen's.

After our decision was issued, Nieveen filed a petition for a writ of certiorari in the U.S. Supreme Court.

### 4. *Tyler v. Hennepin County*

While Nieveen's petition for certiorari was pending, the U.S. Supreme Court issued a decision in *Tyler v. Hennepin County*, 598 U.S. 631, 143 S. Ct. 1369, 215 L. Ed. 2d 564 (2023). In that case, a plaintiff alleged that a Minnesota county had violated the Takings Clause and Excessive Fines Clause when it seized her condominium to satisfy a $15,000 tax debt, sold the property for $40,000, and kept the excess proceeds. The federal district court dismissed the complaint for failure to state a claim, and the U.S. Court of Appeals for the Eighth Circuit affirmed. See *Tyler v. Hennepin County*, 26 F.4th 789 (8th Cir. 2022). The U.S. Supreme Court granted certiorari and then reversed, finding that the plaintiff had alleged a plausible takings claim.

A summary of the Court's opinion in *Tyler* appears in our opinion in *Fair II* released today. See *Continental Resources v. Fair, ante* p. 391, \_\_\_ N.W.3d \_\_\_ (2024).

5. Initial Opinion Vacated;
Cause Remanded

After issuing its decision in *Tyler*, the U.S. Supreme Court granted Nieveen's petition for certiorari, vacated our prior decision, and remanded the cause for further consideration in light of *Tyler*. The U.S. Supreme Court took the same action in response to a petition for certiorari filed in response to our decision in *Fair I*. See *Fair v. Continental Resources*, ___ U.S. ___, 143 S. Ct. 2580, 216 L. Ed. 2d 1191 (2023).

After remand, we directed the parties to file supplemental briefs addressing the effect of *Tyler* on this appeal. After supplemental briefs were filed, we held oral argument.

## II. ASSIGNMENTS OF ERROR

Nieveen assigns, renumbered and restated, that the district court erred by (1) finding she did not suffer from a mental disorder under § 77-1827 at the time of the tax certificate sale, (2) dismissing her claim that the issuance of the tax deed violated her rights under the Due Process Clauses of the U.S. and Nebraska Constitutions, (3) dismissing her claim that the issuance of the tax deed violated her rights under the Takings Clauses of the U.S. and Nebraska Constitutions, and (4) dismissing her claim that the issuance of the tax deed violated her rights under the Excessive Fines Clauses of the U.S. and Nebraska Constitutions.

## III. STANDARD OF REVIEW

[1,2] A district court's grant of a motion to dismiss is reviewed de novo. *Edwards v. Estate of Clark*, 313 Neb. 94, 982 N.W.2d 788 (2022). When reviewing an order dismissing a complaint, the appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusion. *Id.*

## IV. ANALYSIS

### 1. Takings

The U.S. Supreme Court directed us to further consider our initial decision in this case in light of *Tyler*, which, as explained above, analyzed a claim under the Takings Clause. We thus begin our analysis with Nieveen's arguments regarding the dismissal of her takings claim.

The Fifth Amendment to the U.S. Constitution states, "[N]or shall private property be taken for public use, without just compensation." The Nebraska Constitution states, "The property of no person shall be taken or damaged for public use without just compensation therefor." Neb. Const. art. I, § 21. We have held that because Nebraska's constitutional right to just compensation includes just compensation where property has been "taken or damaged," it is broader than the corresponding federal right. See *Henderson v. City of Columbus*, 285 Neb. 482, 827 N.W.2d 486 (2013). But aside from giving effect to that difference in language, we have treated the federal and state rights as "coterminous." *Id.* at 490, 827 N.W.2d at 493. Because Nieveen does not allege or argue that either the state or federal Takings Clause offers more protection in this case, we apply the same analysis to both claims.

[3] Our analysis of Nieveen's takings claims relies heavily on the analysis in our opinion in *Fair II* released today. See *Continental Resources v. Fair, ante* p. 391, \_\_\_ N.W.3d \_\_\_ (2024). There is, however, one procedural difference between *Fair II* and this case. In *Fair II*, the original owner's constitutional claims were resolved at the summary judgment stage, while, in this case, they were resolved by a motion to dismiss for failure to state a claim. In this case, then, we analyze whether Nieveen's operative complaint has alleged sufficient facts to state a plausible takings claim. To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts, accepted as true, to state a claim to relief that is plausible on its face. *Edwards, supra*.

### (a) Nieveen's Private Use Argument

Nieveen alleged and argued that the issuance of the tax deed to Vintage amounted to an unconstitutional taking for a private use. As we explain in our opinion in *Fair II* released today, however, we find that the issuance of a tax deed does not amount to an unconstitutional private taking. Accordingly, Nieveen has not alleged a plausible claim based on a private taking theory.

### (b) Nieveen's Just Compensation Argument

Nieveen also alleged and argued in the alternative that if a private taking did not occur, the issuance of the tax deed nonetheless effected a taking for which she was entitled to just compensation. In our initial opinion in *Fair I*, we concluded that no taking could occur because Nebraska law did not recognize that a former owner of property who lost title to his or her home through the issuance of a tax deed had a protected property interest. In our initial opinion in this case, we relied on *Fair I* to conclude that Nieveen had not alleged a plausible claim. See *Nieveen v. TAX 106*, 311 Neb. 574, 974 N.W.2d 15 (2022), *cert. granted and judgment vacated* ___ U.S. ___, 143 S. Ct. 2580, 216 L. Ed. 2d 1191 (2023).

As we explain in *Fair II*, however, the conclusion in our initial opinion that a taking could not have occurred is not consistent with *Tyler, supra*. We now recognize that a former property owner who loses title through the issuance of a tax deed has a protected property interest to the extent the value of his or her property exceeded his or her tax debt. See *Fair II, supra*. Accordingly, Nieveen has adequately alleged that a protected property interest was taken from her without just compensation.

As in *Fair II*, this leaves the question of which party could be responsible to pay just compensation. In *Fair II*, we determined that under Nebraska's statutes governing tax certificates and tax deeds, the holder of a tax certificate, by requesting and obtaining a tax deed, commits a taking if the

value of the property exceeds the tax debt. We also determined that the tax certificate holder engaged in state action and thus can be liable to pay just compensation. See *id.* Finally, we determined that the county and county treasurer were not potentially liable to pay just compensation for their role in the process. See *id.*

Applying that analysis here, it follows that Nieveen alleged a plausible takings claim against Vintage. According to Nieveen's complaint, Vintage requested and obtained the tax deed that deprived Nieveen of the equity in her property. It also follows that Nieveen did not allege a plausible takings claim against any of the other defendants.

## 2. Excessive Fines

Although Nieveen's post-*Tyler* argument focuses primarily on her claim for just compensation under the Takings Clause, she also makes a brief argument regarding her claim under the Excessive Fines Clauses of the U.S. and Nebraska Constitutions. On this point, Nieveen relies on a concurring opinion of two justices in *Tyler*. See *Tyler, supra* (Gorsuch, J., concurring; Jackson, J., joins).

In *Tyler*, the majority declined to reach the plaintiff's argument that the district court erred by dismissing her claim under the Excessive Fines Clause. The plaintiff in that case had acknowledged that relief under the Takings Clause would "'fully remedy [her] harm.'" *Id.*, 598 U.S. at 647. Given that acknowledgment and its determination that the plaintiff had plausibly alleged a claim under the Takings Clause, the Court found that it was not necessary to analyze the Excessive Fines Clause claim.

Nieveen makes a similar concession here. In her supplemental brief, she acknowledges that just compensation under the Takings Clause would provide complete relief and that thus, if we recognize a viable claim under the Takings Clause, we "might similarly decline to decide the excessive fines questions." Supplemental brief for appellant at 28. Because we have found that Nieveen has a viable claim for just

compensation under the Takings Clause, we decline to reconsider our initial opinion's analysis of Nieveen's Excessive Fines Clause claim.

### 3. Other Assignments of Error

We find nothing in *Tyler* that causes us to reconsider our initial opinion's rejection of Nieveen's other assignments of error. Accordingly, we find no merit to those assignments of error.

## V. CONCLUSION

We find that Nieveen alleged a plausible takings claim against Vintage. We therefore reverse the dismissal of Nieveen's takings claim against Vintage and remand the cause for further proceedings. Because we find that Nieveen has failed to allege any other plausible claims, we affirm the district court's judgment in all other respects.

Affirmed in part, and in part reversed and remanded for further proceedings.

Stacy, J., not participating.

Papik, J., concurring in part, and in part dissenting.

For the reasons stated in my separate opinion in *Continental Resources v. Fair, ante* p. 391, ___ N.W.3d ___ (2024), it is my view that Nieveen's complaint adequately alleges that a protected property interest was taken from her, but that Lancaster County, rather than Vintage Management, would be liable to pay just compensation for any taking. I would remand the cause for further proceedings on Nieveen's claim for just compensation against the county.

Miller-Lerman, J., joins in this concurrence and dissent.